Robert Ray HOLLY, Appellant,

v.

The STATE of Texas, Appellee.

No. 43588.

Court of Criminal Appeals of Texas.

Dec. 2, 1970.

fore the district or county attorney who, for that purpose, shall have the power to administer the oath, or it may be made before any officer authorized by law to administer oaths."

It therefore appears from the record that the conviction is void and should be reversed and prosecution ordered dismissed.

It is so ordered.

No attorney on appeal for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

Vence PALASOTA, Appellant,

v.

The STATE of Texas, Appellee.

No. 43164.

Court of Criminal Appeals of Texas.

Oct. 28, 1970.

Rehearing Denied Dec. 16, 1970.

## OPINION

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $100.00.

Able State's Attorney points the Court's attention to the failure of the record to reflect a signature on the complaint and the failure of the complaint and information to contain the signature of the county attorney or an assistant county attorney of Lubbock County, Texas. Our attention is directed to the opinion of this Court in Carter v. State, 398 S.W.2d 290. Article 21.22, Vernon's Ann.C.C.P. provides that: "No information shall be presented until affidavit has been made by some credible person charging the defendant with an offense. The affidavit shall be filed with the information. It may be sworn to be-