**Charles Allen CROSS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00812–CR.**

Court of Appeals of Texas, Dallas.

Dec. 8, 1982.

Rehearing Denied Feb. 3, 1983.

Discretionary Review Refused
May 11, 1983.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen C. Beverly, Asst. Dist. Atty., for appellee.

Before GUITTARD, C.J., and AKIN and VANCE, JJ.

GUITTARD, Chief Justice.

Appellant was convicted by a jury of cruelty to an animal under section 42.-11(a)(2) of the Texas Penal Code (Vernon Supp.1982) and was sentenced to a fine and a term in the county jail. He appeals on the ground, among others, that the information fails to give him proper notice of the offense. We hold that the information is sufficient. Appellant's other grounds are discussed and overruled in an unpublished supplement to this opinion. Accordingly, the judgment is affirmed.

In the language of the statute [1] the information charges that appellant did "knowingly and intentionally unreasonably fail to provide necessary food, care and shelter for an animal in his custody, to wit: a dapple gray mare horse having white hind quarters with black patches known as Domino." Before trial appellant moved to quash the information, contending, as he contends here, that although the information tracks the language of the statute, it is insufficient to place him on notice of the charge against him. The motion was overruled. Appellant argues that the terms "unreasonably" and "necessary" are vague and that without a more specific allegation of acts or omissions appellant could not adequately prepare his defense.

■ Appellant's objection goes to the form of the information. *Craven v. State,* 613 S.W.2d 488, 490 (Tex.Cr.App.1981); *American Plant Food Corp. v. State,* 508 S.W.2d 598, 602–04 (Tex.Cr.App.1974). The information, therefore, will not be held insufficient unless the substantial rights of appellant were prejudiced. Tex.Code Crim. Pro.Ann. art. 21.19 (Vernon 1966); *Craven,* 613 S.W.2d at 490. Appellant makes no complaint here of the allegations concerning care and shelter, which were not submitted to the jury in the court's charge. Therefore, we confine our inquiry to whether the information was sufficient to provide appellant with the required notice of the charge of unreasonable failure to provide necessary food. On this question we are governed by article 21.23 of the Code of Criminal Procedure, which subjects an information to the same standard of specificity as that required of an indictment. Tex. Code Crim.Pro.Ann. art. 21.23 (Vernon 1966); *Haecker v. State,* 571 S.W.2d 920, 921 (Tex.Cr.App.1978).

Appellant insists that section 42.11(a)(2) of the Penal Code does not completely describe the offense. Appellant argues that "necessary food" involves both quality and quantity and that he cannot ascertain from the language of this information whether he is charged with failure to provide the necessary quantity or the necessary quality of food or both.

■ We conclude that in this instance the description of the offense in the language of the statute is sufficient. The words "unreasonably" and "necessary" are not defined by statute, but are words in common use and, therefore, must be understood according to their common meanings in the context in which they are employed. *See Perez v. State,* 114 Tex.Cr.R. 473, 22 S.W.2d 309, 311 (1929) (on rehearing). To prepare his defense, appellant was only required to meet the State's proof that the food provided was not sufficient in quantity and quality to sustain the horse. The quantity and quality of food necessary to sustain a horse is a matter of common knowledge among persons familiar with the care of horses. It would be unreasonable to require the State to specify in the information a minimum quantity and quality of food that appellant failed to provide when the statute provides no specific standard.

The sufficiency of the statutory standard was established in *McCall v. State,* 540 S.W.2d 717, 719 (Tex.Cr.App.1976), in which the Court of Criminal Appeals upheld the validity of section 42.11(a)(2) as against the contention that it was unconstitutionally vague. In that case the court further stated that the language of the statute "sufficiently informs the accused of the nature and cause of the accusation against him ...." *McCall,* 540 S.W.2d at 719.

■ We recognize that language considered sufficiently definite in a penal statute may not be sufficient in an indictment or information. Thus in *Haecker,* 571 S.W.2d at 921–22, the Court of Criminal

---

1. § 42.11 Cruelty to Animals

  (a) A person commits an offense if he intentionally or knowingly:

  .    .    .    .    .

  (2) fails unreasonably to provide necessary food, care or shelter for an animal in his custody;

  .    .    .    .    .

  Tex.Penal Code Ann. § 42.11(a)(2) (Vernon Supp.1982).

Appeals held that an information charging "torture" of an animal in the language of section 42.11(a)(1) of the Code was not sufficiently descriptive of the offense, and, consequently, specific acts of torture had to be alleged. This holding, in our opinion, does not apply to an information charging failure to provide necessary food under section 42.11(a)(2). Torture of an animal may be done by various means, so that the specific means to be proved must be alleged, whereas an allegation of failure to provide necessary food can only mean failure to provide food of sufficient quantity and quality to sustain the animal.

Appellant contends that there is more than one manner of failing to provide necessary food in that since the food may be insufficient in either quantity or quality, the accused is entitled to notice of which theory the State will attempt to prove. We cannot agree. "Necessary food" means food sufficient in both quantity and quality to sustain the animal in question, and the sufficiency of the quantity in terms of pounds and bushels can only be determined in relation to the quality in terms of nutrition. From an information in statutory language alleging an unreasonable failure to provide necessary food, like the present, the accused can reasonably anticipate that the State's proof will concern both insufficient quantity and insufficient quality of the food provided, and he may prepare his defense accordingly. Consequently, we hold that the present information gives fair notice and that the motion to quash was properly overruled.

Affirmed.