**Roger Allen COLSTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–0285–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 5, 1987.

Ronald N. Hayes, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Linda A. West, Jim Buchanan, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and SAM BASS and LEVY, JJ.

## OPINION

SAM BASS, Justice.

This is an appeal from a murder conviction after a jury trial. The court assessed punishment at 30 years confinement.

Sharon Eversole, deceased's ex-wife, testified that she was married to the deceased for fourteen years, and had been divorced for one year when she saw him on October 14, 1982. The deceased was wearing blue jeans, a velour pullover shirt, boots, a gold chain necklace, two diamond rings, and a gold bracelet. Sharon and the deceased had made plans to get together that evening. Sharon testified that the deceased told her that he had $400 and a .357 pistol with him.

Wilbert Ray Wiley, Jr., testified that he was a friend of appellant, and that on October 14, 1982, he went to appellant's apartment. The deceased arrived later, and they all decided to go to a junkyard to rob it. The deceased drove his car out to the junkyard with the appellant sitting in the front seat and Wiley in the back. Wiley testified that the deceased parked the car, that the deceased and appellant stayed in the car while Wiley went to "check out" the junkyard. He returned telling them that "it looked okay." The appellant got out of the

car with the deceased's pistol, and he then fired the gun into the car at the deceased. The deceased jumped out of the car and started running, but the appellant shot at him 3 or 4 more times. The deceased fell down and the appellant walked over to him and shot him again. Wiley then took a snakeskin belt from the car and gave it to the appellant who put it around the deceased's neck and pulled him into the bushes. The appellant took the deceased's wallet, watch, rings, and necklace. Appellant gave Wiley $100, from the money he took from the deceased, and told Wiley to get rid of the gun and not to tell anyone of the killing. Wiley later related these events to Ellis Goodwin, a Texas Ranger, and Ed Krochel, a detective for the Harris County Sheriff's Office.

Gary A. Keeter, appellant's first cousin, testified that in January, 1984, appellant told him of the events of the murder. Keeter testified that appellant told him that he killed the deceased to see if he could get away with it and for the money, and that appellant warned him never to tell anyone.

Charles Oliphant testified that on October 17, 1982, he discovered the deceased's body in northeast Harris County outside Crosby. He stated that he called the Harris County Sheriff's Office and Crosby emergency crew. Earl Boykin, a volunteer with the Crosby emergency ambulance service, testified that when he arrived he found a body lying face down on the ground with a snakeskin type belt around its neck clothed in blue jeans, a western type shirt, and boots.

Deputy Sheriff Steven Cenroy testified that he fingerprinted the body and concluded that the body was that of the deceased.

Vladimir Parungao, an assistant medical examiner, testified that he performed an autopsy on the deceased. Parungao concluded, and the autopsy report stated: that the body had been shot three times, and two of the gunshot wounds were fatal; that the body was undergoing decomposition at the time of the autopsy; and that there was a snakeskin belt tied around the deceased's neck.

In point of error one, appellant contends that the trial court erred in denying the appellant's timely request to inspect a statement used before the jury by the State.

■ Under the "use before the jury rule," a party is entitled to inspect, upon timely request, any document, instrument or statement which has been used by the other party before the jury in such a way that its contents becomes an issue. *Ballew v. State*, 640 S.W.2d 237, 243 (Tex.Crim. App.1982); *White v. State*, 478 S.W.2d 506, 511 (Tex.Crim.App.1972).

In *Epperson v. State*, 650 S.W.2d 110, 113 (Tex.App.—Tyler 1983, no pet.), the court states two prerequisites of the "use before the jury rule." First, the rule is applicable only through the State's use of the document or statement at trial. Second, the statement or instrument must be used before the jury in such a way that its contents become an issue. *See also Mendoza v. State*, 552 S.W.2d 444 (Tex.Crim. App.1977).

■ The record shows that the State used Keeter's statement to refresh Keeter's memory in the presence of the jury. Additionally, defense counsel made a timely request to inspect the statement, which the court denied. Appellant's counsel, at trial, was entitled to inspect the statement; however, a review of the record discloses that the court denied the request with the statement that appellant's counsel could see it at a later time, upon request, at the time of cross-examination of the witness. Appellant's counsel never renewed the request to see the statement. If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. Tex.R.App.P. 81(b)(2). We find that here, the error if any, was harmless.

Point of error one is overruled.

In point of error two, appellant asserts that the trial court erred in refusing to

allow him to introduce evidence which showed motive of a prospective witness.

Specifically, appellant complains that the trial court erred in refusing to allow Heaney, appellant's trial attorney, to testify regarding his recollection of a telephone conversation between himself and Wiley. Appellant asserts that the purpose of the proffered testimony was to show that Wiley was being untruthful about the murder because he was testifying under immunity, and second, that Wiley, who confessed to his involvement in the crime, had actually committed the murder.

The record reveals that Wiley had been granted immunity from prosecution in return for his testimony against the appellant which was established on cross-examination.

It appears that appellant wanted Heaney to testify to impeach Wiley. Out of the presence of the jury, the following occurred:

> [Defense Counsel]: Your Honor, it's our position that we should be allowed to testify in this case on the one issue of whether or not Mr. Wiley called me. He did not remember the conversation he had with me.
>
> [Prosecutor]: Your Honor, if he's offering himself for impeachment purposes, he must set up that witness to deny that he ever called him. Mr. Wiley did not deny that. He only said he didn't remember. Therefore, it's not a proper impeachment if that's what Mr. Heaney is wanting to testify to.
>
> The second problem is I can't cross-examine him because we broach the area of attorney-client privilege so I would submit he's an incompetent witness at this point in the proceeding, Judge.
>
> THE COURT: All right, I overrule your motion.

■ The predicate required of a prior inconsistent statement is that the witness on cross-examination must first be told the contents of such statement, the time, place, the person to whom it was made, and must be given an opportunity to explain or deny such statement. Tex.R.Evid. 612(a). If the witness, on cross-examination, denies

having made certain accusations in his prior statement, then the prior statement can be used for impeachment purposes. *See Campos v. State*, 589 S.W.2d 424, 428 (Tex. Crim.App.1979).

■ The appellant failed to lay the proper predicate to impeach Wiley with a prior inconsistent statement. Therefore, the alleged prior inconsistent statement is not admissible for impeachment purposes. Absent a showing of what such testimony would have been, or an offer of a statement concerning what the excluded evidence would show, nothing is presented for review. *Id.*

The record is devoid of any showing as to what the proffered testimony would have been. The defense counsel's statement, that he should be allowed to testify on the issue of whether or not Wiley had called him, is insufficient to show what the excluded evidence would have been. The point was not properly preserved.

Point of error two is overruled.

In point of error three, appellant complains that the trial court erred in admitting highly inflammatory photographs of the body of the deceased.

■ The law is well settled that photographs are admissible if a verbal description would be admissible unless the probative value is very slight and the inflammatory aspects great. *Thomas v. State*, 701 S.W.2d 653, 660 (Tex.Crim.App.1985). Further, there is no error in admitting a photograph where there is testimony admitted without objection showing the same thing. *Brown v. State*, 696 S.W.2d 913, 914 (Tex. Crim.App.1985). The admission in evidence of photographs must necessarily rest largely in the discretion of the trial judge, who determines whether they serve a proper purpose in the jury's enlightenment, and his action will not be disturbed in the absence of a showing of an abuse of discretion. *Terry v. State*, 491 S.W.2d 161, 163 (Tex.Crim.App.1973).

This court in *Edlund v. State*, 677 S.W.2d 204 (Tex.App.—Houston [1st Dist.] 1984, no pet.), which was also a murder

case, held that although the pictures might have been gruesome, they were admissible to corroborate the verbal description of the body. *Id.* at 211.

■ The record shows that testimony regarding the deceased's injuries and decomposition of his body was given by Boykin and Keeter without objection.

Point of error three is overruled.

In point of error four, appellant contends that the evidence is insufficient to support appellant's conviction in the absence of testimony to corroborate the accomplice witness's testimony.

■ A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense. Tex.Code Crim.P.Ann. art. 38.14 (Vernon 1979). It is not necessary that the corroboration be sufficient in itself to establish guilt; it need only make the accomplice's testimony more likely than not. *See Rogers v. State*, 662 S.W.2d 13, 15 (Tex. App.—Tyler 1983, pet. ref'd). The test of the sufficiency of such corroboration is to eliminate the evidence of the accomplice from consideration, and then to examine the evidence of other witnesses to determine if there is inculpatory evidence which tends to connect the accused with the commission of the offense. *See Colunga v. State*, 481 S.W.2d 866, 868 (Tex.Crim.App. 1972).

■ The record reveals that Wiley's testimony was corroborated by Keeter's testimony and by the testimony of Boykin and Parungao. We conclude that the corroborating evidence is sufficient.

Point of error four is overruled.

The judgment is affirmed.