**Ex parte Charles A. DAUGHENBAUGH.**

**No. 01–88–00514–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 23, 1989.

Discretionary Review Refused
June 7, 1989.

Ken J. McLean, Houston, for appellant.

John B. Holmes, Dist. Atty. Harris County, Alan Curry, for appellee.

Before WARREN, DUNN and HUGHES, JJ.

## OPINION

HUGHES, Justice.

This is an appeal from a denial of habeas corpus relief.

Appellant was indicted for two counts of aggravated robbery, two counts of aggravated kidnapping, and felony escape, all arising from the same incident.

In April 1988, appellant was tried and convicted by a jury on the aggravated robbery charges. The trial court assessed punishment at 50 years confinement, to be served consecutively to a sentence he is currently serving. Appellant is now faced with the prospect of having to proceed to trial on the indictments for aggravated kidnapping and felony escape. He filed a pre-trial application for habeas corpus relief claiming that a trial on these indictments will subject him to double jeopardy. The trial court denied the writ, and appellant perfected this appeal.

Appellant was a prison inmate at the TDC unit in Huntsville. On November 2, 1987, two TDC guards, Rodney Cain and Trinidad Esparza, transported appellant and three other inmates in a prison van to John Sealy Hospital in Galveston for medical treatment. During the return trip to Huntsville, appellant gained possession of a .357 pistol that the guards had placed in the van. Appellant then took money, clothes, and keys from Cain by use and exhibition of the handgun. Appellant and the other inmates forced the guards to get into the back of the van and to place the restraints on themselves. Appellant and the other inmates then drove in the van to various locations, eventually abandoning the van with the guards in it. Both guards escaped, and appellant and the other inmates were soon apprehended.

Appellant asserts one point of error, in which he urges that the trial court erred in denying his pre-trial writ of habeas corpus. His contention is that a trial for aggravated kidnapping and felony escape will subject him to double jeopardy.

Appellant argues that the use and exhibition of a deadly weapon, viz., a firearm, has already been litigated in his trial for aggra-

vated robbery. According to him, if the State is allowed to relitigate the factual issue of his use of a deadly weapon in the pending cases, he will be placed in double jeopardy.

Appellant relies on the United States Supreme Court finding that "where ... a person has been tried and convicted for a crime which has various incidents included in it, he cannot be a second time tried for one of the incidents without being twice put in jeopardy for the same offense." *In re Nielsen*, 131 U.S. 176, 188, 9 S.Ct. 672, 676, 33 L.Ed. 118 (1889); *January v. State*, 695 S.W.2d 215, 222 (Tex.App.—Corpus Christi 1985), *aff'd per curiam*, 732 S.W.2d 632 (Tex.Crim.App.1987).

In *January*, the court pointed out that the double jeopardy clause contains three separate guarantees:

(1) protects against a second prosecution for the same offense after acquittal,
(2) protects against a second prosecution for the same offense after conviction, and
(3) protects against multiple punishments for the same offense.

Each guarantee "affords an accused a separate constitutional protection, and each protection requires a court to focus on different factors in determining the extent of the constitutional protection." *Id.* 695 S.W.2d at 220. We are not concerned here with the first protection.

The third guarantee protects against multiple punishments for the same offense. What constitutes the same offense has been addressed by the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

[T]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. *Id.* at 304, 52 S.Ct. at 182.

In an attempt to clarify its holding in *Blockburger*, the Supreme Court held that, in determining whether each statutory offense requires the proof of a fact that the other does not, it is the separate statutory elements of each offense, rather than the actual evidence to be presented at trial, that must be examined. *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). In this case, each offense appellant was indicted for requires proof of facts separate and distinct from the other offenses. Appellant concedes that the only fact in common among the offenses is the use and exhibition of a deadly weapon. Accordingly, prosecution of appellant for the kidnapping and escape charges will not place him in double jeopardy for the same offense.

We must now examine the second double jeopardy guarantee and consider the test as construed under *January v. State*, 695 S.W.2d 215 (Tex.App.—Corpus Christi 1985), *aff'd per curiam*, 732 S.W.2d 632 (Tex.Crim.App.1987). In *January*, the defendant was charged in separate indictments for aggravated kidnapping and attempted capital murder, both arising from the same incident. He was convicted by a jury of aggravated kidnapping. Later, the defendant was convicted on the attempted capital murder charge. The defendant appealed the second conviction, claiming it violated the double jeopardy clause.

The *January* court held that the second trial did violate the defendant's right against double jeopardy. Its finding was based upon the fact that, because the defendant was charged with attempted *capital* murder and *aggravated* kidnapping, "the aggravating element for each offense was the other offense." *January*, 695 S.W.2d at 223.

We do not find *January* controlling under the facts before us for review. The use and exhibition of a deadly weapon, viz., a firearm, was a common element in each of the charged offenses. However, it is not necessary to prove the robbery again in order to prove the kidnappings or escape. Under the facts of the present case, the use and exhibition of a deadly weapon, albeit in the same criminal episode, do not amount to an "incident" in and of itself, as contemplated in *In re Nielsen*, 131 U.S. 176, 188, 9

S.Ct. 672, 676, 33 L.Ed. 118 (1889), and cited in *January*. Therefore, its relitigation will not result in double jeopardy.

Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.