Bessie V. MILLS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–89–00551–CR, 01–89–00552–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 3, 1991.

Discretionary Review Refused April 17, 1991.

Jim Heaney and Blaise J. Heany, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Alan Curry, Asst. Harris County Dist. Atty., for appellee.

Before COHEN, DUGGAN and PRICE *, JJ.

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment. Tex.Gov't Code Ann. § 75.003 (Vernon Supp.1990).

## OPINION

COHEN, Justice.

Appellant, Bessie Mills, was found guilty by a jury of 10 jointly tried counts of cruelty to animals. The charges were brought in two informations, each containing five counts. The jury assessed punishment in no. 88–30997, on count one only, at 365 days confinement and a $2000.00 fine, both probated. The jury assessed punishment on every other count at zero days and zero fine. The trial court entered judgments accordingly.

There is unassigned error in nine of the 10 judgments. All the sentences are void, except that on count one in no. 88–30997. Cruelty to animals is a class A misdemeanor, TEX.PENAL CODE ANN. § 42.11(d) (Vernon 1974). A person convicted of a class A misdemeanor *"shall be punished* by: (1) a fine not to exceed $2000; (2) confinement in jail for a term not to exceed one year; or (3) both such fine and imprisonment." TEX. PENAL CODE ANN. § 12.21 (Vernon 1974) (emphasis added). The trial judge instructed the jury to "assess punishment" within that range on each count. The jury did not follow this instruction in nine counts out of ten. Neither side objected to the verdict being received, to the jury being discharged, or to the judgments rendered. Consequently, appellant has not been punished.

Sentences below the statutory minimum are void. *Villarreal v. State,* 590 S.W.2d 938, 939 (Tex.Crim.App.1979). The error affects only the punishment assessed. Therefore, we vacate the sentences and remand all counts, except count one in no. 88–30997, to the trial court for a new punishment hearing. TEX.CODE CRIM.P.ANN. art. 44.29(b) (Vernon Supp.1991).

The first two points of error contend the trial court erred in denying appellant's motion to suppress evidence obtained in the search of her home at 621 Sunnyside.

Officer Lacey saw animals in plastic milk crates in appellant's back yard at 617 Sunnyside in Houston. Appellant approached Lacey with five dogs following her, which she said were hers. Lacey told appellant that keeping more than three dogs at a residence without a license was an offense. Appellant allowed Lacey to enter her yard, where he saw geese, ducks, a turkey, and 10 to 20 cats in stacked milk crates. He saw no food or water for the animals. Appellant told Lacey she had other dogs behind a fence separating 617 from 621 Sunnyside. Officer Lacey counted approximately 17 dogs behind 621 Sunnyside. Another officer saw a dead dog inside 621 Sunnyside, through a window. Appellant admitted Capt. Bugg into her residence, and he found numerous living and dead animals. He saw no food or water in the house, and the dead animals were decomposing.

Captain Bugg obtained and executed search warrants for 617 and 621 Sunnyside. One hundred seventy-two live animals were recovered from the two addresses.

Appellant first contends the trial court erred in denying her motion to suppress because the State could not produce at trial the search warrant for her home at 621 Sunnyside. She contends the State failed to prove the contents of the warrant for 621 Sunnyside and, at trial, relied on the search warrant for 617 Sunnyside to prove the validity of the warrant for 621 Sunnyside.

The State did not produce the search warrant for 621 Sunnyside, but it produced a copy of a signed warrant for 617 Sunnyside and a copy of an unsigned warrant for 621 Sunnyside. Judge Barkley testified that he signed both original warrants and several copies for both locations. Judge Barkley testified the papers he signed were identical to the unsigned copies admitted as evidence. He testified that several days later, while he was in trial, Capt. Bugg returned some documents to him, but he did not look at them. Judge Barkley testified he made an exhaustive search for the documents and could not locate them.

Captain Bugg and Assistant District Attorney Jana Miller testified that they drafted warrants for 617 and 621 Sunnyside, and that Judge Barkley signed both warrants. They testified the signed warrants

were the same as the copies in evidence, except for the missing signature on the warrant for 621. Captain Bugg testified he returned the executed search warrants to Judge Barkley. Bugg testified that, after a diligent search, he could find only copies. Finally, Officer Freeman testified he received and executed search warrants for 617 and 621 Sunnyside.

Evidence rulings are generally discretionary; they are not reversed absent an abuse of discretion. *Nubine v. State*, 721 S.W.2d 430, 432 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). Extrinsic evidence of the contents of a writing is admissible if all originals have been lost or destroyed, unless the proponent lost or destroyed them in bad faith. TEX.R.CRIM. EVID. 1004(1). There is no contention or evidence that the State lost or destroyed the original warrant in bad faith. Under TEX.R.CRIM.EVID. 1003, duplicates are admissible to the same extent as an original, unless authenticity is an issue or it would be "unfair" to do so. Here, authenticity was not in issue, and no unfairness has been claimed. We hold that the unsigned duplicate was admissible under these circumstances, as was the testimony about the warrants. There was no abuse of discretion.

The first point of error is overruled.

The second point of error contends the trial court erred by denying appellant's motion to suppress because officers coerced appellant into allowing entry to her house (621 Sunnyside) before a search warrant was obtained. She claims that the sights seen during the coerced visit were used to show probable cause for the subsequent search warrant.

The search warrant affidavit was partly based on information obtained when Capt. Bugg entered appellant's home. Appellant's motion to suppress, however, did not contend the entry was coerced, and the issue of coerced warrantless entry was not raised during the suppression hearing. Appellant's brief does not cite to the record to show that relief on this basis was requested and denied, nor does it cite the record to support the coercion claim. *See* TEX.R.

APP.P. 50(d). Nothing is presented for review. TEX.R.APP.P. 52(a).

The second point of error is overruled.

The third point of error contends the trial court erred in not quashing both informations. Appellant attacks the information in no. 88–30997 on 3 grounds. First, she claims that because there is no description of the dogs and cats mentioned in the five counts, she did not know which animal was allegedly involved in each count.

The statute provides:

"(a) A person commits an offense if he intentionally or knowingly: ...

(2) fails unreasonably to provide necessary food, care, or shelter for an animal in his custody; [or] ...

(4) transports or confines an animal in a cruel manner; ...."

TEX.PENAL CODE ANN. § 42.11 (Vernon 1974). The counts in cause number 88–30997 alleged that appellant "intentionally and knowingly confine[d] an animal, namely, a dog [cat], in a cruel manner, namely, by failing to provide necessary food and care resulting in the animal's death while the animal was in the defendant's custody."

Notice of an accusation must be adequate to permit a defendant to prepare his defense. We must first determine whether the information failed to convey some requisite item of notice. *Adams v. State*, 707 S.W.2d 900, 903 (Tex.Crim.App.1986). If so, we next determine whether the lack of notice significantly impeded appellant's ability to defend. The impact is determined within the context of the specific case. *Id.* An information is not insufficient for lack of notice unless the accused is substantially prejudiced. *Cross v. State*, 646 S.W.2d 514, 515 (Tex.App.—Dallas 1982, pet. ref'd); TEX.CODE CRIM.P.ANN. art. 21.19 (Vernon 1989).

Pictures of the animals for which appellant was charged were made available by the prosecutor. Appellant was notified of the pictures by certified letter and at the hearing on her motion to quash. The prosecutor stated during the hearing that the

pictures showed the animal referred to in each count. Appellant did not dispute the prosecutor's statement. In a case involving hundreds of living and dead animals, this is an adequate way, perhaps the only way, to give notice. Moreover, appellant does not contend that her defense would have differed depending on the identity of the animal described in the information. For example, she points to no evidence that some animals were treated better than others. If the same defenses applied to every animal, appellant's ability to defend was not impaired. *Adams,* 707 S.W.2d at 903. We hold there was no defect of notice and no harm shown.

Appellant next complains that each count alleged an offense under two different parts of section 42.11, and she could not determine which one she was accused of violating. Appellant was charged in no. 88–30997 with intentionally and knowingly confining an animal in a cruel manner. The cruel manner was "by failing to provide necessary food and care resulting in the animal's death while the animal was in [her] custody." We hold that this alleges an offense under TEX.PENAL CODE ANN. § 42.11(a)(4). To defend, appellant had to meet the State's proof that the food and care she provided was not sufficient to sustain the animals. *Cross,* 646 S.W.2d at 515. The allegations conveyed this fact. Moreover, appellant does not state how her defense would have differed to an accusation under section 42.11(a)(2). No harm has been shown.

■ No motion to quash the information in no. 89–10228 is in the appellate record. Appellant correctly contends, however, that the complaint in 89–10228 is not sworn. In fact, it is not signed by an affiant or by an officer authorized to take oaths. Such an information has been held void. *Holly v. State,* 460 S.W.2d 136, 137 (Tex.Crim.App. 1970); *accord Shackelford v. State,* 516 S.W.2d 180 (Tex.Crim.App.1974); *Thomas v. State,* 474 S.W.2d 236, 237 (Tex. Crim.App.1971) (fundamental error requiring reversal without point of error on appeal); *see also Morey v. State,* 744 S.W.2d 668, 670 (Tex.App.—San Antonio 1988, no

pet.) (granting relief based on trial court objection and point of error on appeal). The information fails to meet the requirements of TEX.CODE CRIM.P.ANN. art. 21.22 (Vernon 1989).

Decisions like *Holly, Thomas,* and *Shackelford,* which apparently granted relief without objection, predate the enactment of TEX.CODE CRIM.P.ANN. art. 1.14(b) (Vernon Supp.1990), which requires a pretrial objection to a defect of form or substance in an information in order to obtain appellate review. *Hill v. State,* 750 S.W.2d 2, 3 (Tex.App.—Fort Worth 1988, pet. ref'd); *Shaw v. State,* 728 S.W.2d 889, 890 (Tex.App.—Houston [1st Dist.] 1987, no pet.); *see* TEX. CONST. art. V, sec. 12(b). They also predate the enactment of TEX.R. APP.P. 52(a), which requires a trial court objection, motion, or request as a predicate to appellate review. We conclude that these statutes, rules, and constitutional developments change the result that would otherwise be required by decisions like *Holly.*

Appellant did not raise this complaint in the trial court. Therefore, it is waived.

The third point of error is overruled.

■ The fourth point of error contends the trial court erred in not granting appellant's motion for instructed verdict because of insufficient evidence. Appellant waived this point by presenting evidence. *Kuykendall v. State,* 609 S.W.2d 791, 794 (Tex. Crim.App.1980). Treating this point as a challenge to the sufficiency of the evidence, we must determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. The evidence is viewed in the light most favorable to the verdict. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex. Crim.App.1989).

Appellant's record citation under this point of error is to page 9 through page 311, the entirety of the State's case. This is not helpful in reviewing a joint trial of 10 cases. Nevertheless, we have reviewed the record because of the contention that there is no evidence.

Appellant contends the evidence is insufficient because the State never connected the alleged acts of cruelty to each animal in the 10 different counts. Captain Bugg identified photographs of each of the animals on which charges were based, and testimony described each animal.

■ Appellant further contends the State failed to prove the animals did not receive food and were unlawfully confined. There was evidence that there was no food or water when the animals were recovered. A veterinarian testified the house did not meet the standards of necessary care for an animal and that some animals were malnourished.

Appellant finally contends the State failed to prove, as alleged in cause no. 88–30997, that the animals died while in her custody. That information alleged the animals died as a result of appellant's failure to provide necessary food and care. The evidence showed that all the animals in that case were dead when recovered from appellant at her premises. A rational trier of fact could have found the elements of the offense beyond a reasonable doubt.

The fourth point of error is overruled.

The fifth point of error contends the trial court erred by admitting photographs and videotape into evidence because they were pictures of dead animals on which no charges were based, and they were used solely to inflame the jury. Furthermore, appellant complains that a videotape was taken after the scene had been altered.

■ The trial court has broad discretion in the admission of photographic or videotape evidence. *Huffman v. State*, 746 S.W.2d 212, 222 (Tex.Crim.App.1988). Its ruling will not be disturbed absent a clear abuse of discretion. *Colston v. State*, 727 S.W.2d 683, 687 (Tex.App.—Houston [1st Dist.] 1987, no pet.). Such evidence is admissible unless its probative value is substantially outweighed by the danger of unfair prejudice. Tex.R.Crim.Evid. 403. If testimony describing the scene would be

admissible, then a photograph or videotape of that scene would also be admissible. *Marras v. State*, 741 S.W.2d 395, 404 (Tex. Crim.App.1987).

Evidence of the context of the offense is admissible because events do not occur in a vacuum. The State may place the offense in its proper setting so that all evidence may be realistically evaluated. Only rarely will the prejudicial effect of such evidence render it inadmissible. *Mann v. State*, 718 S.W.2d 741, 744 (Tex.Crim.App.1986). The videotape and photographs showed scenes that were described by testimony. They showed the context of this offense, and the trial judge could have properly determined that they would enlighten the jury. *Colston*, 727 S.W.2d at 687.

At trial, appellant did not object that the scene was altered in the videotape; thus, that complaint is not preserved for review. Tex.R.App.P. 52(a). Moreover, Capt. Bugg testified the videotape accurately showed the scene.

The fifth point of error is overruled.

■ The sixth point of error contends the trial court erred in not granting appellant's requested jury charge, which required acquittal if "the animals died, or became emaciated, by some other cause other than lack of food, or care, and lack of shelter of the animals in her custody...." The jury charge required the State to prove in no. 89–10228 that appellant failed to provide the necessary food, care, or shelter to the animals in her custody; and in no. 88–30997, that appellant cruelly confined animals by not providing necessary food or care, resulting in their death.

The requested instruction merely negated an element of some of the offenses alleged, i.e., causation in no. 88–30997.[1] It does not present a defense or an affirmative defense for the jury's consideration. Thus, appellant was not entitled to the instruction. *Willis v. State*, 790 S.W.2d 307, 315 (Tex.Crim.App.1990); *Sanders v. State*, 707 S.W.2d 78, 81 (Tex.Crim.App.1986).

---

1. Causing death is not an element of the offense of cruelty to animals. The State was required to prove it, however, because it was alleged in the information and included in the jury charge. *Ortega v. State*, 668 S.W.2d 701, 706–707 (Tex. Crim.App.1983) (op. on reh'g).

We note that in no. 89–10228, appellant was not accused of causing death.

The sixth point of error is overruled.

The seventh point of error contends the trial court erred by not granting appellant's special pleas of collateral estoppel and double jeopardy.

Before this trial, appellant was convicted on a plea of guilty of running a kennel without a license, a violation of a Houston city ordinance. That conviction was apparently based on the same conditions that were the basis of these charges. Appellant claims the State could not prove cruelty to animals without proving she was operating a kennel without a license. She contends the prosecution for cruelty to animals was double jeopardy or was barred by collateral estoppel.

Double jeopardy protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense. *Ex parte Daughenbaugh,* 768 S.W.2d 441, 442 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). Appellant contends she has suffered multiple punishments for the same offense.

Where the same act violates two statutes, the test to determine whether there are two offenses or only one is whether each statute requires proof of a fact that the other does not. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *Ex parte Daughenbaugh,* 768 S.W.2d at 442. In deciding that, we review the elements of the two statutes, not the evidence presented at trial. *Illinois v. Vitale,* 447 U.S. 410, 417, 100 S.Ct. 2260, 2265–66, 65 L.Ed.2d 228 (1980); *Ex parte Daughenbaugh,* 768 S.W.2d at 442. This is true even though the proof may overlap. *Ex parte McWilliams,* 634 S.W.2d 815, 824 (Tex.Crim.App. 1982).

The kennel ordinance is not in the appellate record. We have no basis for taking judicial notice of it. Tex.R.Crim. Evid. 204. The complaint in that offense is before us. It alleges that appellant kept four dogs over six months old at her home without a license. The offense of cruelty to animals obviously does not require proof of these facts. Therefore, appellant did not prove that this prosecution was barred by the double jeopardy clause or by the doctrine of collateral estoppel.

The seventh point of error is overruled.

The judgment in count one of no. 88–30997 is affirmed. The portions of the judgments assessing sentences in counts two through five of no. 88–30997 and in all counts of no. 89–10228 are vacated. Those counts are remanded to the trial court for a new hearing on punishment.