Opinion issued July 10, 2003

 


 




  
 






In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-01202-CR
____________
 
CLIFFORD BERNARD LEMELLE, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 344th District Court
Chambers County, Texas
Trial Court Cause No. 11715
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Clifford Bernard Lemelle, guilty of attempted capital
murder of a peace officer,


 and the trial court sentenced appellant to 50 years in
prison. In three points of error, appellant contends that (1) the trial court erred in
denying his motion for instructed verdict, (2) the trial court erred in admitting, over
his objection, a video tape, and (3) he received ineffective assistance of counsel. We
affirm.
Background
          On April 19, 2001, appellant stole an 18-wheeler cab from a gas station in
Houston, Texas. Appellant led police on a high-speed chase through rush hour
traffic, driving on the inside and outside shoulders of several freeways, and striking
at least two other vehicles. The chase led to Chambers County, Texas, where police
attempted to disable the truck by deploying stinger spikes


 across the roadway. 
Baytown Police Officer Scott Vice testified that appellant crossed one set of stinger
spikes which did not disable the truck. Texas Department of Public Safety Trooper
Jason Taylor testified that he also attempted to deploy a set of spikes across the road,
but the spikes only covered the inside of the roadway’s two lanes. When he saw
Taylor’s spikes, appellant veered the truck sharply toward the outside lane and
directly at Trooper Taylor. Taylor, who was standing approximately one step into the
roadway, was forced to run out of the way to avoid being hit.


 The truck ultimately
stopped, and appellant was apprehended.
Instructed Verdict
          In his first point of error, appellant argues that the trial court erred in denying
his motion for instructed verdict. A challenge to a denial of a motion for instructed
verdict is considered an attack on the legal sufficiency of the evidence. Cook v. State,
858 S.W.2d 467, 470 (Tex. Crim. App. 1993).
          When conducting a legal sufficiency review, we determine whether any
rational fact finder, considering the evidence in the light most favorable to the verdict,
could have found the essential elements of the offense beyond a reasonable doubt. 
King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000).
          The jury convicted appellant of attempted capital murder.


 At issue in this case
is whether appellant had the requisite intent to kill Trooper Taylor when he swerved
the truck toward the officer. Because our review must consider the evidence in a light
most favorable to the verdict, the question is whether any rational juror could have
determined, from appellant’s actions, that he intended to kill Trooper Taylor. While
the jury may not be able to ascertain appellant’s conscious desire or objective, it may
infer intent from the acts of the accused, as well as surrounding circumstances. 
Richards v. State, 54 S.W.3d 34, 39 (Tex. App.—Houston [1st Dist.] 2001, no pet.). 
Here, appellant drove at a high speed, struck two other vehicles, and veered from lane
to lane and onto the shoulder. Further, both Troopers Stafferd and Taylor testified
to the circumstances surrounding appellant’s driving toward Trooper Taylor. Given
this evidence, we hold that a reasonable jury could have found appellant intended to
use the vehicle as a deadly weapon.
          We overrule appellant’s first point of error.
Improperly Admitted Evidence
          In his second point of error, appellant argues that the trial court erred in
admitting, over his objection, an aerial videotape of the event.



          We apply an abuse of discretion standard of review to a trial court’s evidentiary
rulings. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); Pierre v. State,
2 S.W.3d 439, 442 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). The trial court
has broad discretion in the admission of photographic or videotaped evidence. Mills
v. State, 802 S.W.2d 400, 405 (Tex. App.—Houston [1st Dist.] 1991, pet. ref’d). The
ruling will not be disturbed unless there is a clear abuse of discretion. Colston v.
State, 727 S.W.2d 683, 687 (Tex. App.—Houston [1st Dist.] 1987, no pet.).
          Appellant contends that the videotape’s authenticity is questionable and that
the tape should not have been admitted because a stronger predicate was not
established.


 Appellant also argues that, under Rules of Evidence 1002 and 1003, the
court is required to establish the authenticity of the tape if authenticity is an issue.           Photographs are authenticated by the testimony of any witness who has
personal knowledge that the particular item accurately represents the scene or event
which the photographs purport to portray. Tex. R. Evid. 901. There is no
requirement that the witness be the person who actually took the photograph, the
witness saw it taken, or that the witness was present when it was taken. Hughes v.
State, 878 S.W.2d 142, 155 (Tex. Crim. App. 1992.) Any witness who observed the
object or the scene depicted in the photograph may lay the predicate. Huffman v.
State, 746 S.W.2d 212, 222 (Tex. Crim. App. 1988).
          Rule 901 states that “the requirement of authentication or identification as a
condition precedent to admissibility is satisfied by evidence sufficient to support a
finding that the matter in question is what its proponent claims.” Tex. R. Evid.
901(a). The rule further specifies that evidence may be authenticated by the testimony
of a witness with knowledge, who may testify that “a matter is what it is claimed to
be.” Tex. R. Evid. 901(b)(1). Any witness who knows the facts may lay the
predicate. Huffman, 746 S.W.2d at 222. Therefore, a witness who was present at the
scene of an event and who witnessed part of its occurrence is qualified to identify and
authenticate a videotape of the same event. Id. Further, because the witness’s
description of the scene is admissible, the videotape of the same event, which he
authenticated, is similarly admissible. Id. Here, the State offered such a witness and
authenticated the video.
          Appellant also contends that the exhibit “fails under” Texas Rules of Evidence
1002 and 1003. Rule 1002 provides that “to prove the content of a writing, recording,
or photograph, the original writing, recording, or photograph is required except as
otherwise provided in these rules or by law.” Tex. R. Evid. 1002. However, rule
1003 provides that “a duplicate is admissible to the same extent as an original unless
(1) a question is raised as to the authenticity of the original or (2) in the circumstances
it would be unfair to admit the duplicate in lieu of the original.” Tex. R. Evid. 1003. 
There is no evidence that the videotape offered was a copy. As such, appellant’s
argument is purely speculative. Regardless, the videotape was sufficiently
authenticated under rule 901.
          We hold that the trial court did not abuse its discretion in admitting the
videotape.
          We overrule point of error two.
Ineffective Assistance of Counsel
          In point of error three, appellant argues that he received ineffective assistance
of counsel because appellant’s trial counsel went to trial without full discovery and
“there apparently were items which the defense counsel did not know about.” 
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984). Appellant must show both that (1) counsel’s performance was so
deficient that he was not functioning as acceptable counsel under the Sixth
Amendment and (2) but for counsel’s error, the result of the proceedings would have
been different. Id., 466 U.S. at 687, 104 S. Ct. at 2064.
          It is the defendant’s burden to prove ineffective assistance of counsel. Id. A
defendant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. Id., 466 U.S. at 689, 104
S. Ct. at 2064; Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.]
1996, no pet.). An appellate court will not find ineffectiveness based on speculation. 
Henderson v. State, 29 S.W.3d 616, 624 (Tex. App.—Houston [1st Dist.] 2000, pet.
ref’d); Gamble, 916 S.W.2d at 93. Assertions of ineffective assistance of counsel
must be firmly founded in the record. Harrison v. State, 552 S.W.2d 151, 152 (Tex.
Crim. App. 1977). When, as here,


 there is no record, we must presume that
appellant’s trial counsel had a plausible reason for his actions. Thompson v. State,
9 S.W.3d 808, 814 (Tex. Crim. App. 1999).
          Appellant’s trial counsel objected to the admission of the videotape shot from
Trooper Dwight Smith’s video camera mounted in his patrol car. Counsel objected
because he had never seen the tape, despite the fact that he had filed a discovery
motion and there “was an agreement between the State and the defense.” The trial
court overruled the objection when the court discovered it had never ruled on the
discovery motion. Appellant argues that, because his trial counsel had not previously
viewed the videotape shot from Trooper Dwight Smith’s video camera, his trial
counsel was ineffective. Appellant contends that “it appears that Appellant went to
trial without full discovery.” 
          Appellant further argues that there were many officers from various police
departments who were involved in the chase, arrest, and investigation, and it is
possible that some of the reports filed by some of the non-testifying officers included
Brady information that would have benefitted appellant. Lastly, appellant argues that
the record is “void of any evidence that defense counsel spoke with or attempted to
speak with any of the State’s witnesses.”
          Appellant has failed to address the second prong of Strickland—but for
counsel’s error, the result of the proceedings would have been different. See
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. Looking at the totality of his trial
counsel’s representation and, without the benefit of a record reflecting counsel’s trial
preparation and strategy, we hold appellant has failed to meet his burden of showing
his counsel was ineffective. See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.
          We overrule point of error three.
Conclusion
          We affirm the judgment of the trial court.



                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Taft, Jennings, Hanks.
Do not publish. Tex. R. App. 47.2(b).