# NO. 12-14-00094-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ORLANDA GEORGE HILL,* *APPELLANT* | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Orlanda George Hill appeals his conviction for delivery of a controlled substance, for which he was sentenced to imprisonment for twenty years. In three issues, Appellant argues that the motion to adjudicate his guilt was void, that the trial court failed to consider the full range of punishment, and that he received ineffective assistance of counsel. We affirm.

## BACKGROUND

Appellant was charged by indictment with delivery of a controlled substance. He pleaded "guilty" to the offense, and the trial court placed him on ten years of deferred adjudication community supervision. Subsequently, the State filed a motion to adjudicate Appellant's guilt alleging three violations of the terms of his community supervision. After hearing evidence on the motion, the trial court modified the terms of Appellant's community supervision and recessed the hearing. The trial court stated that it was neither revoking Appellant's community supervision nor denying the State's motion to adjudicate at that time.

The State later filed an amended motion to adjudicate alleging seven new violations of Appellant's community supervision terms. The trial court heard evidence on the motion, found all ten allegations true, and sentenced Appellant to imprisonment for twenty years. This appeal followed.

<u>**VOID MOTION TO ADJUDICATE**</u>

In his first issue, Appellant argues that the judgment adjudicating his guilt is void because the State's motion to adjudicate was unsigned and because it purports to amend a prior motion to adjudicate that had already been denied.

## <u>Standard of Review and Applicable Law</u>

A trial court's decision to adjudicate the guilt of a defendant who is on deferred adjudication community supervision is reviewable in the same manner as a revocation of community supervision where an adjudication of guilt was not deferred. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (West Supp. 2014). We review a trial court's order revoking a defendant's placement on community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The state's burden of proof in a revocation proceeding is by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993).

While a defendant at a revocation proceeding need not be afforded the full range of constitutional and statutory protections that are available in the trial of a criminal case, a person on community supervision is entitled to certain due process protections. *Gagnon v. Scarpelli*, 411 U.S. 778, 781-82, 93 S. Ct. 1756, 1759-60, 36 L. Ed. 2d 656 (1973); *Bradley v. State*, 564 S.W.2d 727, 729-30 (Tex. Crim. App. 1978). Due process, in connection with community supervision revocation proceedings, entitles a defendant to (1) written notice of the claimed violations of the terms of the community supervision order; (2) the disclosure of the evidence against him; (3) the opportunity to be heard in person and to present witnesses and documentary evidence; (4) a neutral and detached hearing body; (5) the opportunity to cross examine adverse witnesses, unless the hearing body specifically finds good cause for not allowing confrontation; and (6) a written statement by the fact finder as to the evidence relied on and the reasons for revoking community supervision. *Staten v. State*, 328 S.W.3d 901, 905 (Tex. App.—Beaumont 2010, no pet.).

In the context of community supervision revocation proceedings, due process entitles a defendant to a written motion to revoke that fully informs him of the alleged violation of the term of community supervision. *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980). A trial court's authority to revoke community supervision is limited to the grounds alleged in the state's motion to revoke community supervision. *Moore v. State*, 11 S.W.3d 495, 499 (Tex.

2

App.—Houston [14th Dist.] 2000, no pet.). A motion to revoke community supervision is not required to meet the particularities of an indictment, information, or complaint because the motion is held to a less rigorous standard. *Staten v. State*, 328 S.W.3d at 906. The state's motion to revoke need only fully and clearly set forth the basis on which the state seeks revocation so that the defendant and his counsel have notice. *Id.*

## Analysis

Appellant does not argue that the State's amended motion to adjudicate fails to clearly set forth the allegations for which it sought revocation. Rather, he argues that the lack of a signature by an authorized representative of the State rendered the trial court without authority to proceed with the hearing. Consequently, Appellant contends that the judgment is void.

At the hearing on the amended motion to adjudicate, the prosecutor informed the trial court that the State had filed the motion and for unknown reasons had failed to sign it. The prosecutor further stated that the State acknowledged and adopted the motion for purposes of the hearing. Appellant's counsel made no objection.

In support of his argument, Appellant cites only authority that an unsigned complaint and information voids a conviction. *See, e.g.*, *Holly v. State*, 460 S.W.2d 136 (Tex. Crim. App. 1970). Such authority, however, predates the enactment of Article 1.14(b), which requires a pretrial objection to a defect of form or substance in an information in order to obtain appellate review. Tex. Code Crim. Proc. Ann. art. 1.14(b) (West 2005). Appellant cites no direct authority supporting his proposition that an unsigned motion to adjudicate voids the subsequent conviction. And the motion to revoke Appellant's community supervision was not required to meet the particularities of an indictment, information, or complaint. *See Staten*, 328 S.W.3d at 906. We conclude that Appellant's conviction is not void because of the lack of a signature on the amended motion to adjudicate.

Appellant further argues that the judgment is void because the amended motion to adjudicate purports to amend a motion that was previously denied. At the original hearing on the motion to adjudicate, the trial court stated, "I'm not going to deny the motion to adjudicate. I'm going to leave those charges pending." Thus, Appellant is incorrect in stating that the trial court denied that motion. Furthermore, he refers us to no authority supporting his contention that a motion to adjudicate that purports to amend a prior motion, but actually does not, voids a subsequent conviction. The trial court found the allegations in both motions to be true. Because

3

a single sufficient ground for revocation will support a trial court's order to revoke, the second motion is sufficient to support Appellant's conviction whether it amends the prior motion or not. *See* ***Jones v. State***, 571 S.W.2d 191, 193-94 (Tex. Crim. App. 1978). Thus, Appellant's argument is without merit.

Accordingly, we overrule Appellant's first issue.


**FAILURE TO CONSIDER FULL RANGE OF PUNISHMENT**

In his second issue, Appellant contends that he was denied due process by the trial court's predetermination of his sentence before hearing the evidence on the motion to adjudicate.

**Standard of Review and Applicable Law**

Due process requires a neutral and detached hearing body or officer. ***Gagnon***, 411 U.S. at 786, 93 S. Ct. at 1761, 36 L. Ed. 2d 656. It is a denial of due process for a trial court to arbitrarily refuse to consider the entire range of punishment for an offense or to refuse to consider the evidence and impose a predetermined punishment. ***McClenan v. State***, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983). In the absence of a clear showing of bias, we will presume the trial judge was a neutral and detached officer. ***Earley v. State***, 855 S.W.2d 260, 262 (Tex. App.—Corpus Christi 1993, pet. dism'd). Bias is not shown when (1) the trial court hears extensive evidence before assessing punishment, (2) the record contains explicit evidence that the trial court considered the full range of punishment, and (3) the trial court made no comments indicating consideration of less than the full range of punishment. *See* ***Brumit v. State***, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).

**Analysis**

Appellant cites certain statements of the trial court in support of his contention that the trial court predetermined his sentence. First, near the end of the hearing on the original motion to adjudicate, the trial court stated as follows:

> But really, Mr. Hill, when you go down to TDC and they look at your records, I want to go *uh-huh, he's one*. You've already got enough. But I want them to where they'll keep you next time. Think of twenty years. Twenty years. You'll do it. You'll do it.


Later, at the hearing on the amended motion to adjudicate, and just prior to sentencing Appellant, the trial court asked Appellant if he had anything else to say. Appellant responded,

4

"There ain't nothing else I can say. Your mind is already made up."  The trial court stated, "Yeah, pretty well," and then assessed Appellant's punishment at imprisonment for twenty years.

Appellant also cites the following postsentencing statements in support of his argument: "Mr. Hill, you stand there. Let me tell you something.  This ain't over.  You've got other charges.  You hear me?  You've got other problems.  In Leon County, they're coming after you."

Even if we were to construe the statements by the trial court at the first hearing as a promise to assess twenty years as punishment, the record does not show that the trial court's later assessment of twenty years was carrying out a promise.  At the hearing on the amended motion to adjudicate, the trial court admonished Appellant that the range of punishment was from two to twenty years.  The trial court then heard extensive evidence, including evidence connecting Appellant to a recent burglary in a nearby county.  After hearing all of the evidence, including Appellant's testimony, the trial court asked Appellant, "What do you want me to do now? . . . . You tell me what you want me to do.  I'm listening."

The State recommended at least fifteen years.  Appellant's counsel asked that the trial court continue him on community supervision with time in an Intermediate Sanction Facility (ISF) or Substance Abuse Felony Program (SAFP) as a condition.  Appellant raised his hand, and the trial court gave him another opportunity to speak.  The following exchange took place:

> TRIAL COURT: I've given you every benefit of the doubt . . . I gave you probation. I'm responsible. I feel like I'm responsible for everything you've done since then. Anything else you want to say?
>
> APPELLANT: There ain't nothing else I can say.  Your mind is already made up.
>
> TRIAL COURT:  Yeah, pretty well.

The trial court then sentenced Appellant to imprisonment for twenty years.

The record does not clearly show that the trial court failed to act as a neutral and detached officer.  Nothing in the record of the hearing on the amended motion to adjudicate indicates that the trial court was carrying out a promise to sentence Appellant to a particular punishment.  Moreover, there is some indication that the trial court sentenced Appellant to the maximum punishment based on the evidence of a new offense committed by Appellant.  Consequently, based on the record before us, we cannot conclude that the trial court failed to consider the full

5

range of punishment.  *See* **Brumit**, 206 S.W.3d at 645.  Accordingly, we overrule Appellant's second issue.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In his third issue, Appellant contends that he received ineffective assistance of counsel.

**Standard of Review and Applicable Law**

In reviewing an ineffective assistance of counsel claim, we follow the United States Supreme Court's two-pronged test in **Strickland v. Washington**, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); **Hernandez v. State**, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under the first prong of the **Strickland** test, an appellant must show that counsel's performance was "deficient." **Strickland**, 466 U.S. at 687, 104 S. Ct. at 2064; **Tong v. State**, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  **Strickland**, 466 U.S. at 687, 104 S. Ct. at 2064.  To be successful, an appellant must "show that counsel's representation fell below an objective standard of reasonableness." **Id.**, 466 U.S. at 688, 104 S. Ct. at 2064; **Tong**, 25 S.W.3d at 712.

Under the second prong, an appellant must show that the "deficient performance prejudiced the defense."  **Strickland**, 466 U.S. at 687, 104 S. Ct. at 2064; **Tong**, 25 S.W.3d at 712.  The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  **Strickland**, 466 U.S. at 694, 104 S. Ct. at 2068; **Tong**, 25 S.W.3d at 712.  A reasonable probability is a probability sufficient to undermine confidence in the outcome. **Strickland**, 466 U.S. at 694, 104 S. Ct. at 2068; **Tong**, 25 S.W.3d at 712.

Review of a trial counsel's representation is highly deferential. **Tong**, 25 S.W.3d at 712. We indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  **Strickland**, 466 U.S. at 689, 104 S. Ct. at 2065. It is Appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.  **Id.**; **Tong**, 25 S.W.3d at 712.  Moreover, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  **Thompson v. State**, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  Rarely is the record on direct appeal sufficiently developed to fairly

6

evaluate the merits of a claim of ineffectiveness. ***Bone v. State***, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. ***Thompson***, 9 S.W.3d at 813. Appellant must prove both prongs of the ***Strickland*** test by a preponderance of the evidence in order to prevail. ***Tong***, 25 S.W.3d at 712.

## Analysis

Appellant argues that his trial counsel was ineffective for several reasons. First, he claims that his counsel was ineffective because he failed to object to proceeding on the unsigned amended motion to adjudicate. As we noted above, a motion to revoke community supervision is not required to meet the particularities of an indictment, information, or complaint because the motion is held to a less rigorous standard. ***Staten***, 328 S.W.3d at 906. The State acknowledged and adopted the motion on the record prior to the hearing. We conclude that it was not necessary for Appellant's counsel to object and that his performance was not deficient for failing to do so.

Second, Appellant argues that his counsel was ineffective for failing to request that the judge recuse himself based on his "promise" to assess the maximum punishment upon further violation of his community service terms. However, the trial court's statements were not necessarily a promise. They could also be construed as the trial court's attempt to impress upon Appellant the seriousness of the possible consequences of further violation of the community supervision terms. *See **Ex parte Brown***, 158 S.W.3d 449, 452 (Tex. Crim. App. 2005). Moreover, the record provides no explanation of the motivation behind counsel's decision. Therefore, we cannot conclude that counsel's performance was deficient for not requesting recusal of the trial judge.

Third, Appellant claims that his counsel was ineffective for failing to lodge a hearsay or best evidence objection to his community supervision officer Omar Marroquin's testimony regarding the recent burglary. Marroquin testified that he became aware of the possible violations through a flash notice on his office's in-house system. The notice provided that Appellant had been arrested on a particular date. Marroquin stated that he ran a criminal background check and saw that Appellant was arrested in Leon County. Marroquin also testified that Appellant admitted he was arrested out of county. This testimony was not hearsay because it was Appellant's admission. TEX. R. EVID. 801(e)(2)(A). Furthermore, Appellant also testified

7

about the circumstances of the arrest and that he was out of the county without permission. Based on this record, and without evidence of trial counsel's reasons for not objecting, we cannot conclude that the omission constitutes ineffective assistance.

Fourth, Appellant claims that his counsel was ineffective for failing to object to the trial court's viewing the presentence investigation report prior to its findings of true. The record shows that, during Marroquin's testimony at the hearing on the amended motion to adjudicate, the trial court requested the presentence investigation report that was prepared when Appellant was placed on community supervision. But the record does not indicate whether or when the trial court reviewed the report. Furthermore, there is no due process violation when a trial court inspects a presentence investigation report after a defendant has pleaded guilty. *See* ***Wissinger v. State***, 702 S.W.2d 261, 263 (Tex. App.—Houston [1st Dist.] 1985, pet. ref'd). Nor is there a statutory violation when this occurs. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 9(c) (West Supp. 2014). Consequently, we conclude that no objection from trial counsel was required.

Finally, Appellant complains that his counsel was ineffective because he failed to interview him until shortly before trial and made no meaningful investigation of his case. However, the record contains nothing to support these bare allegations. Therefore, we cannot conclude based on the record that trial counsel was ineffective because of a failure to adequately prepare for the hearing.

Because Appellant has failed to show that his trial counsel's performance was deficient, he has failed to meet the first prong of the ***Strickland*** test. Therefore, he has failed to make the required showing to support his ineffectiveness claim. *See* ***Thompson***, 9 S.W.3d at 813. Accordingly, we overrule Appellant's third issue.

### DISPOSITION

Having overruled Appellant's first, second, and third issues, we ***affirm*** the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered May 13, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 13, 2015

NO. 12-14-00094-CR

**ORLANDA GEORGE HILL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 2nd District Court

of Cherokee County, Texas (Tr.Ct.No. 17,261)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*