**Jamaal Clarence STATEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–09–00490–CR.**

Court of Appeals of Texas, Beaumont.

Submitted Aug. 13, 2010.

Decided Dec. 15, 2010.

David W. Barlow, Beaumont, for Appellant.

Tom Maness, Dist. Atty., Ann Manes, Asst. Dist. Atty., Beaumont, for appellee.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

Jamaal Clarence Staten pled "no contest" to possession of marijuana in trial cause number 99797. The trial court found the evidence sufficient to find Staten guilty, but deferred further proceedings, placed Staten on community supervision for two years, and assessed a fine of $500. The State subsequently filed a motion to revoke Staten's unadjudicated community supervision for violating the conditions of his community supervision. These conditions prohibited Staten from committing other offenses. The State's motion to revoke alleges that after the court placed Staten on community supervision, he committed the offense of aggravated assault.[1]

---

1. In a separate opinion, we affirmed Staten's aggravated assault conviction. *See Staten v. State*, No. 09–09–00491–CR, 2010 WL 5232984 (Tex.App.-Beaumont Dec. 15, 2010, no pet. h.). The hearing on the State's mo- tion to revoke Staten's community supervision occurred immediately after Staten's aggravated assault case ended. We take judicial notice of the appellate record in cause num-

After finding that Staten violated a condition of his community supervision, the trial court found Staten guilty of possessing marijuana and assessed a two-year sentence. The trial court then proceeded to pronounce Staten's sentence in absentia. Because Staten was not present when the trial court pronounced his sentence, we abated Staten's appeal and remanded the case to the trial court to allow the trial court to pronounce sentence in Staten's presence. *See Staten v. State,* No. 09–09–00490–CR, 2010 WL 2696153, at *2, 2010 Tex.App. LEXIS 5344, at *6 (Tex.App.-Beaumont July 7, 2010) (mem. op.). After the trial court did so, we reinstated the appeal, and we then notified the parties that each could file additional briefs.

Neither party submitted additional briefs; thus, we address only those issues raised in Staten's original brief. In two issues, Staten contends (1) the trial court violated his constitutional and statutory rights to due process and fundamental fairness in revoking his community supervision, and (2) the evidence was insufficient to support the trial court's decision to revoke his community supervision. We affirm the trial court's judgment.

### Background

After the State indicted Staten for aggravated assault, the State filed a motion in Staten's possession case to revoke his placement on unadjudicated community supervision. The State alleged that Staten had violated a term of his community supervision by committing aggravated assault. The trial court set Staten's revocation hearing on the same day that it was to

hear the aggravated assault case. Staten was represented by the same attorney in both matters.

Staten's trial for the aggravated assault offense began on October 14, 2009. Although Staten was given the opportunity to be present during the trial on the charge of aggravated assault, he refused. Staten also refused to be present when the proceedings continued on the following day. The jury returned a verdict finding Staten guilty of aggravated assault. After pronouncing Staten's sentence,[2] the trial court told the jury that its duties were concluded. The trial court then proceeded, in Staten's absence, to conduct the revocation hearing in trial cause number 99797. Based on Staten's conviction for aggravated assault, the trial court found that Staten violated a condition of the trial court's community supervision order and then revoked Staten's community supervision. The trial court proceeded to find Staten guilty for possessing marijuana, and it then assessed a two year sentence on the possession of marijuana case. Because the trial court sentenced Staten in absentia, we abated Staten's appeal in the possession case and remanded the case to the trial court to allow the trial court to sentence Staten in person. *See Staten,* No. 09–09–00490–CR, 2010 WL 2696153, at *2, 2010 Tex.App. LEXIS 5344, at *6. After the trial court pronounced Staten's sentence in his presence, we reinstated Staten's appeal.

### Standard of Review and Applicable Law

 We review a trial court's order revoking a defendant's placement on com-

---

ber 09–09–00491–CR for purposes of our resolution of this appeal. *See* Tex.R. Evid. 201.

**2.** The trial court sentenced Staten in absentia in his aggravated assault case, and after he appealed, we abated that appeal, cause number 09–09–00491–CR, to allow the trial court

to sentence Staten in person. *See Staten v. State,* No. 09–09–00491–CR, 2010 WL 2696466, at *1, 2010 Tex.App. LEXIS 5353, at *2 (Tex.App.-Beaumont July 7, 2010) (mem. op.).

munity supervision for abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim.App.2006). The State's burden of proof in a revocation proceeding is by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993) (citing *Cardona v. State*, 665 S.W.2d 492, 493–494 (Tex.Crim.App.1984)). The State satisfies its burden when the greater weight of credible evidence before the trial court creates a reasonable belief demonstrating it is more probable than not that the defendant has violated a condition of his community supervision. *Rickels*, 202 S.W.3d at 763–64; *Joseph v. State*, 3 S.W.3d 627, 640 (Tex.App.-Houston [14th Dist.] 1999, no pet.).

While a defendant at a revocation proceeding need not be afforded the full range of constitutional and statutory protections that are available in the trial of a criminal case, a person on community supervision is entitled to certain due process protections. *Gagnon v. Scarpelli*, 411 U.S. 778, 781–82, 93 S.Ct. 1756, 1759–760, 36 L.Ed.2d 656 (1973); *Bradley v. State*, 564 S.W.2d 727, 729–30 (Tex.Crim.App. 1978); *Moore v. State*, 11 S.W.3d 495, 499 (Tex.App.-Houston [14th Dist.] 2000, no pet.). In *Scarpelli*, the United States Supreme Court recognized that due process protections extend to state revocation proceedings because the revocation deprives an individual of a conditional liberty. 411 U.S. at 781–82, 93 S.Ct. 1756. Due process, in connection with community supervision revocation proceedings, entitles a defendant to (1) the written notice of the claimed violations of the terms of the community supervision order; (2) the disclosure of the evidence against him; (3) the opportunity to be heard in person and to present witnesses and documentary evidence; (4) a neutral and detached hearing body; (5) the opportunity to cross-examine adverse witnesses, "unless the hearing body specifically finds good cause for not allowing confrontation[;]" and (6) a written statement by the fact-finder as to the evidence relied on and the reasons for revoking community supervision. *See Black v. Romano*, 471 U.S. 606, 611–12, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985); *Scarpelli*, 411 U.S. at 786, 93 S.Ct. 1756. The defendant who has been placed on community supervision is also protected by the due course of law provisions of the Texas Constitution. Tex. Const. art. I, § 19; *Rogers v. State*, 640 S.W.2d 248, 252 (Tex.Crim.App.1982).

In criminal proceedings, a defendant can waive his constitutionally guaranteed confrontation right by voluntarily absenting himself from the proceedings. *See* Tex.Code Crim. Proc. Ann. art. 33.03 (West 2006); *Miller v. State*, 692 S.W.2d 88, 90 (Tex.Crim.App.1985); *Wortham v. State*, 750 S.W.2d 326, 327 (Tex.App.-Beaumont 1988, no pet.); *see also Taylor v. U.S.*, 414 U.S. 17, 20, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973) (per curiam). Community supervision revocation, however, is not a stage of a criminal prosecution: it is an administrative hearing. *Smart v. State*, 153 S.W.3d 118, 120 (Tex.App.-Beaumont 2004, pet. denied), *cert. denied*, 546 U.S. 1016, 126 S.Ct. 663, 163 L.Ed.2d 527 (2005). In a community-supervision revocation proceeding, a defendant's right to be present and to confront witnesses testifying against him is protected by the due process clauses of the Texas and United States Constitutions. U.S. Const. amend. XIV; Tex. Const. art. I, § 19.

With respect to notice in community-supervision revocation proceeding cases, due process requires the State to give the defendant written notice informing the defendant of the terms of the community supervision order that he is alleged to have breached. *Caddell v. State*, 605 S.W.2d 275, 277 (Tex.Crim.App. 1980); *Pierce v. State*, 113 S.W.3d 431,

435–36 (Tex.App.-Texarkana 2003, pet. ref'd); *Moore,* 11 S.W.3d at 498–99. The allegations contained in a motion filed by the State to revoke the defendant's placement on community supervision operate to limit the trial court's authority because the trial court is required to revoke on the grounds which are alleged in the motion. *Moore,* 11 S.W.3d at 499. Nonetheless, a motion to revoke community supervision is not required to meet the particularities of an indictment, information, or complaint because the motion is held to a less rigorous standard. *See Champion v. State,* 590 S.W.2d 495, 497 (Tex.Crim.App.1979); *Pierce,* 113 S.W.3d at 436; *Moore,* 11 S.W.3d at 499. The State's motion to revoke need only fully and clearly set forth the basis on which the State seeks revocation so that the defendant and his counsel have notice. *See Leyva v. State,* 552 S.W.2d 158, 162 (Tex.Crim.App.1977).

With respect to evidence introduced in a revocation proceeding, "[w]hen the same trial court presides over both the revocation hearing and the trial of the offense that is the basis for revocation, the trial court can take judicial notice of the evidence introduced in that prior proceeding." *Akbar v. State,* 190 S.W.3d 119, 123 (Tex.App.-Houston [1st Dist.] 2005, no pet.) (citing *Barrientez v. State,* 500 S.W.2d 474, 475 (Tex.Crim.App.1973)); *see also Bradley,* 564 S.W.2d at 729. The trial court is the sole trier-of-fact in a revocation hearing. *Akbar,* 190 S.W.3d at 123; *Moore,* 11 S.W.3d at 498. Where the same trial court conducted both the trial of the charged offense and the revocation hearing, it can weigh the credibility of the witnesses from the prior proceeding in determining whether the State's allegations, as stated in the motion to revoke, are true. *Akbar,* 190 S.W.3d at 123. Weighing evidence from a prior proceeding, when the same judge has presided over both the prior trial proceedings and the revocation hearing, is not a denial of due process. *See Barrientez,* 500 S.W.2d at 475; *see also Bradley v. State,* 608 S.W.2d 652, 656 (Tex.Crim.App.1980); *Stephenson v. State,* 500 S.W.2d 855, 857 (Tex.Crim.App.1973).

### Analysis

The revocation hearing in Staten's possession case and Staten's trial for aggravated assault occurred before the same judge. Staten was represented by the same counsel during the entire course of the proceedings. Notices applicable to both cases appear in the record of Staten's possession case. The trial court did not deny Staten the opportunity to be present or confront witnesses; rather, Staten voluntarily absented himself from the revocation hearing. We conclude that the right to be present and to confront witnesses in a community-supervision revocation proceeding can be waived. By refusing to appear at the revocation hearing, Staten waived his right to be heard in person.

With respect to its written findings, the trial court noted the following on the bottom of the motion to revoke: "10–15–09 found true after evidence in 08–04173 [Staten's aggravated assault case] & jury guilty verdict in that case." As reflected by the State's motion to revoke, the State alleged that Staten committed an aggravated assault against J.R. on or about July 9, 2008. The aggravated assault against J.R., alleged to have occurred on or about July 9, 2008, is the same offense that serves as the basis of Staten's indictment in trial cause number 08–04173. The same trial judge conducted the revocation proceeding, trial cause number 99797, and the aggravated assault case, trial cause number 08–04173. Consequently, the judge conducting Staten's revocation hearing was authorized to consider the evidence that had been admitted dur-

ing Staten's aggravated assault trial. *See Akbar*, 190 S.W.3d at 123.

We conclude that the State gave Staten adequate written notice of the basis of its claim that he had violated the trial court's community supervision order. We further conclude that the trial court provided Staten with a written finding which adequately explains the reason the court decided to revoke his placement on community supervision. We are not persuaded by Staten's argument that the trial court did not conduct a hearing, nor that the trial court "abdicated its responsibility to a jury" by basing its decision to revoke Staten's community supervision on the jury's guilty verdict in Staten's aggravated assault case. We conclude that the trial court conducted a revocation hearing, and that its decision was based on evidence that it could properly consider from a prior proceeding. We overrule Staten's issue that argues the trial court violated Staten's right to receive due process.

 In issue two, Staten argues the evidence is insufficient to support the trial court's decision to revoke his community supervision. However, the record before us demonstrates the same trial court conducted both the aggravated assault trial and the revocation proceeding. Because the same trial court presided over both proceedings, it was entitled to weigh the evidence from the prior proceeding in determining whether the State met its burden to prove that Staten was guilty of committing an aggravated assault. The evidence reflects that the jury found Staten guilty of aggravated assault, a conviction that we affirmed in a separate appeal. *See Staten v. State*, No. 09–09–00491–CR, 2010 WL 2696466 (Tex.App.-Beaumont Dec. 15, 2010, no pet. h.). Because Staten's continued placement on community supervision was conditional on his not committing additional crimes, and there was

evidence in the revocation proceeding that he committed another crime, the evidence in Staten's revocation hearing is legally sufficient to support the trial court's decision to revoke its order placing Staten on community supervision. We overrule Staten's second issue. Having overruled both of Staten's issues, we affirm the trial court's judgment.

AFFIRMED.