In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00492-CR
_____

RICKY METCALFE, Appellant

V.

THE STATE OF TEXAS, Appellee

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 12-13910**

## MEMORANDUM OPINION

Ricky Metcalfe pled guilty to the offense of injury to a child. The trial court found the evidence sufficient to find Metcalfe guilty, but deferred further proceedings and placed Metcalfe on community supervision for six years. The State subsequently filed a motion to revoke Metcalfe's unadjudicated community supervision. Metcalfe pled "true" to four violations of the terms of his community supervision. The trial court found Metcalfe violated the terms of the community

1

supervision order, found Metcalfe guilty of injury to a child, revoked Metcalfe's community supervision, and imposed a sentence of ten years of confinement. Metcalfe appeals the trial court's revocation of his community supervision, and in six issues he contends that the trial court erred in revoking his community supervision because it was impossible for him to perform the terms of his community supervision.

We review the trial court's order revoking community supervision for abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (quoting *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)); *Staten v. State*, 328 S.W.3d 901, 904-05 (Tex. App.—Beaumont 2010, no pet.). The State must prove a violation of the terms of community supervision by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763-64. The State satisfies its burden when the "'greater weight of the credible evidence . . . create[s] a reasonable belief that the defendant has violated a condition of his probation.'" *Id.* at 764 (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)); *Staten*, 328 S.W.3d at 905. We view the evidence in the light most favorable to the trial court's ruling. *See Cardona*, 665 S.W.2d at 493. Proof of a single violation of the terms of community supervision will support revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

The State alleged that Metcalfe violated the terms of his community supervision by failing to: (1) report for the months of June and August 2012, (2) provide verification of performing the community service hours required, (3) successfully complete the Violence Intervention Education Program, and (4) complete an Anger Management Program. On appeal, Metcalfe contends that it was impossible for him to comply with the terms of his community supervision due to his extended illness. He argues that he was bedridden and could not have performed the terms he was charged with violating.

During the revocation hearing, Metcalfe's trial counsel informed the court that with regard to count two, Metcalfe's physician was "supposed to send the probation department an excuse that the defendant could not perform community service hours due to his medical problems." Trial counsel followed that statement with, "Apparently that was not done." Trial counsel further explained Metcalfe's condition to the trial court as follows:

> [T]he [defendant is] 47 years of age. He indicates immediately after receiving probation he had congestive heart failure, was hospitalized at St. Elizabeth and Baptist. A week after he received probation, he went to the house and had his kidney shut down and reentered Baptist Hospital and indicates he called Ms. Revia and left numerous messages about this situation but received no callbacks. However, Ms. Revia did visit him at Baptist Hospital. She indicated he was calling her. Defendant says he did return her call and said she was – he was to see her on a Wednesday. On a Tuesday prior to that particular report date, the defendant was hospitalized for liver and staff [sic] infection,

3

which was inside his body. In the five months since he received probation he says he's been in and out of the hospital or at his home in bed.

Thereafter, the record reflects the following exchange occurred between the trial court and Metcalfe:

THE COURT: Did you have your medical records brought to the –

THE DEFENDANT: No.

THE COURT: Don't you think that's important?

THE DEFENDANT: Yes.

THE COURT: Didn't bother to do that?

THE DEFENDANT: No, sir.

THE COURT: Are you getting disability?

THE DEFENDANT: Yes, sir.

THE COURT: From who?

THE DEFENDANT: I get total disability from Social Security.

THE COURT: For what?

THE DEFENDANT: My heart condition.

THE COURT: How long have you had a heart condition?

THE DEFENDANT: I've had it for – since '99.

THE COURT: And never have bothered to show that to anybody?

4

THE DEFENDANT: No, sir.

THE COURT: Do you think that the crack cocaine, marijuana, alcohol, Xanax and pain pills have contributed to your heart problems?

THE DEFENDANT: Yes, sir.

THE COURT: I bet it has. So, you really – if you have any disability at all, it's been self-induced. Do we agree with that?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. So, you just want me to take your word for it that you can't do any community service. What kind of community service do we offer, sir?

THE DEFENDANT: Really, I don't know.

THE COURT: You don't have a clue.

THE DEFENDANT: No, sir.

THE COURT: So, you can't sit there and say that you can't do it. If we have a desk job where you can sit there and put pink ribbons together for breast awareness month, you wouldn't know, would you?

THE DEFENDANT: No, sir.

Metcalfe's probation officer informed the trial court that she saw Metcalfe in the hospital.

In reviewing the record in a light most favorable to the trial court's ruling, we do not conclude that the record establishes that it was impossible for Metcalfe to perform the terms of his community supervision. As the sole trier of fact, the

5

trial court was entitled to judge the credibility of the witnesses and decide what weight to give the testimony. *See Brooks v. State*, 153 S.W.3d 124, 127 (Tex. App.—Beaumont 2004, no pet.). Metcalfe did not produce any medical records to the trial court to prove his alleged prolonged illness. The only evidence Metcalfe did provide the trial court was his own testimony, which the trial court could reasonably have rejected.

Viewing the evidence in the light most favorable to the trial court's ruling, we conclude the State proved, by a preponderance of the evidence, that Metcalfe violated at least one of the conditions of his community supervision. Moreover, "a defendant whose community supervision is revoked may only appeal from the revocation, not the validity or invalidity of the terms and conditions of the probation order entered months or years before." *Brooks*, 153 S.W.3d at 128. The record reflects that Metcalfe entered his plea of "true" freely and voluntarily. A plea of "true" to an allegation that defendant violated a condition of community supervision, standing alone, is sufficient to support the revocation. *See Duncan v. State*, 321 S.W.3d 53, 58 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). Because the trial court did not err in accepting Metcalfe's pleas of "true," there was sufficient evidence to support revocation.

Because the trial court did not abuse its discretion by revoking Metcalfe's unadjudicated community supervision, we overrule Metcalfe's six issues and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on May 22, 2013
Opinion Delivered July 10, 2013
Do not publish

Before McKeithen, C.J., Kreger, and Horton, JJ.