**Affirmed and Memorandum Opinion filed February 3, 2015.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-14-00098-CR**
**NO. 14-14-00099-CR**

---

**LAJOHN FITZGERALD WILSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Court Cause Nos. 12-13927 & 12-13930**

---

## M E M O R A N D U M   O P I N I O N

Appellant Lajohn Fitzgerald Wilson appeals the trial court's revocation of his probation for aggravated robbery. *See* Tex. Penal Code Ann. § 29.03(a)(2) (West, Westlaw through 2013 3d C.S.). In two issues he contends the evidence is insufficient to support the trial court's revocation. We affirm.[1]

---

[1] Appellant initially appealed to the Ninth Court of Appeals. Pursuant to a docket

# I. BACKGROUND

Appellant pleaded guilty to two counts of aggravated robbery in exchange for ten years' deferred adjudication probation. The State subsequently filed a "Motion to Revoke Unadjudicated Probation" in each case in which the State alleged that appellant violated his probation by committing the offense of burglary of a habitation.

At the hearing on the State's motion to revoke probation, D. M., a thirteen-year-old boy who lived in the burglarized house, testified that he was in his room playing a game when he heard a noise that sounded like someone knocking on the window with a hammer or crowbar. D. M. grabbed the phone, went into his mother's bedroom closet and called 911. D. M. heard glass break and heard voices of more than one person discussing the number of televisions in the house. D. M. heard the men try to open the locked closet, but did not exit the closet until the police arrived.

When police arrived, appellant and his co-defendant, Jarord Johnson, fled from the house. Officers saw Johnson leave the house carrying a pillowcase. Using dogs trained to track, officers found appellant hiding under a house, which had a raised foundation. Officers located Johnson at his residence, which was across the street from the burglarized house.

Martha Washington, D. M.'s mother and the complainant in the burglary charge, testified that appellant approached her in front of her house three days before the burglary and was in front of her house for approximately twenty minutes. Appellant told Washington that he had a message from her ex-boyfriend,

equalization order, this appeal was transferred to this court. *See* Tex. Gov't Code Ann. § 73.001 (West, Westlaw through 2013 C.S.). We must decide the case in accordance with the precedent of the Ninth Court of Appeals in the event there is a conflict with precedent from this court. *See* Tex. R. App. P. 41.3.

Eddie. When Washington arrived home on the day of the burglary she discovered a pillowcase in the driveway, which contained several of D. M.'s electronic game controllers and a laptop computer.

In a statement to police appellant stated that he went into Washington's house at Johnson's invitation. Appellant stated he did not know the house belonged to Washington, but assumed it was Johnson's house. Although appellant saw Johnson putting items in a pillowcase, he claimed not to have known a burglary was taking place. While in the house appellant heard noises coming from the closet and opened the door. He saw the "little boy," and asked whether he had called the police. At that time, appellant looked out of the window, saw the patrol car, walked outside, heard the police say, "freeze," and "took off running across the street away from the officers."

At the revocation hearing Johnson testified that he had asked appellant to come to his house. When appellant arrived Johnson was in the process of burglarizing the complainant's house. Johnson testified that appellant did not know he was burglarizing the house. Johnson testified that he lied to the police at the time of the burglary, and testified that appellant did not know about the burglary. This testimony is contrary to Johnson's prior written statement in which he averred:

> On 8-20-13 at approximately 1100 am a subject who I know as BJ (La john Wilson) came to my house to help him return an item from Walmart. I have known BJ for approximately 2 months and met him in county jail. I told BJ to come back later. BJ returned to my house at approximately 100 pm and knocked on my bedroom window. BJ told me the house across the street was unlocked and to help him do this LICK. Lick is street slang for burglary. BJ was wearing a white muscle shirt and [black] nike slippers.
>
> When I walked out of my house I observed BJ walk to the back of 5140 Minnie [Washington's house] which is directly across the street

3

from my house. I walked to the back of 5140 Minnie and BJ was already inside the residence. BJ handed me a tan pillow case threw [sic] the back window of the residence. I continued standing outside the residence holding the pillow case. After several minutes I observed the Police pull up in a SUV and an Officer was walking to the back of the residence. I dropped the pillow case in the yard and took off running west bound beside the drainage ditch. I then doubled back and went back to my house at 5121 Minnie. I went in through the back door and changed my wet clothes in the laundry room. I went into my room and the Police came and got me several minutes later. I was placed under arrest and voluntary [sic] came to the Police station to speak with Investigator Croak. I told Investigator Croak the truth about what happened.

At the conclusion of the hearing, the trial court found that the State proved the allegation of burglary by a preponderance of the evidence. Finding that appellant violated his probation by committing the offense, the court sentenced him to confinement for 50 years in the Institutional Division of the Texas Department of Criminal Justice.

## II. ANALYSIS

In two issues appellant contends the trial court violated his rights to due process and fundamental fairness because the State did not prove that appellant committed the offense of burglary of a habitation, and abused its discretion in revoking his probation because there was insufficient evidence to support the finding that he violated a condition of probation by committing the offense of burglary of a habitation. We will address appellant's issues together.

Our review of the trial court's order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). When reviewing the sufficiency of the evidence to support revocation of probation, we view the evidence in the light most favorable to the decision to revoke. *See Hart v. State*,

4

264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd).

The State's burden of proof in a revocation proceeding is by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). The State satisfies its burden when the greater weight of credible evidence before the trial court creates a reasonable belief demonstrating it is more probable than not that the defendant has violated a condition of his probation. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006); *Staten v. State*, 328 S.W.3d 901, 905 (Tex. App.—Beaumont 2010, no pet.). When the State fails to meet its burden, it is an abuse of discretion for the trial court to issue a revocation order. *Cardona*, 665 S.W.2d at 493–94. In a revocation proceeding, the trial court is the sole trier of the facts, the credibility of the witnesses, and the weight to be given to witnesses' testimony. *Mattias v. State*, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987).

Appellant's argument rests on his own testimony and that of his co-defendant, Johnson. Appellant argues that the trial court erred in crediting the police officer's testimony and Johnson's prior statement over that of appellant, and Johnson's testimony at the hearing. As the sole trier of facts and credibility of witnesses, the trial court was within its discretion in crediting the police officers and D. M.'s testimony, especially in light of the fact that their testimony was corroborated by Johnson's first statement made to the police.

We conclude the trial court did not abuse its discretion in crediting the officers' testimony over that of appellant and his co-defendant. The record contains sufficient evidence for the trial court to have formed a reasonable belief that appellant violated the terms of his community supervision by entering the complainant's house with the intent to commit theft. The State met its burden of proving by a preponderance of the evidence that appellant violated the terms of his

probation. *See Johnson v. State*, 943 S.W.2d 83, 85 (Tex. App.—Houston [1st Dist.] 1997, no pet.) (State meets its burden when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his probation as the State alleged).

We overrule appellant's two issues and affirm the trial court's judgment.


/s/    John Donovan
        Justice


Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).