# NO. 12-14-00225-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FATIMA RAHMAN,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Fatima Rahman appeals her conviction for felony driving while intoxicated, for which she was sentenced to imprisonment for five years. In three issues, Appellant argues that the trial court erred in imposing attorney's fees and in proceeding on an unsigned application to revoke community supervision. We affirm.

## BACKGROUND

Appellant was charged by indictment with felony driving while intoxicated. She pleaded "guilty" to the offense. The trial court assessed an agreed sentence of imprisonment for ten years, suspended the sentence, and placed Appellant on community supervision for a term of seven years.

Subsequently, the State filed an application to revoke Appellant's community supervision alleging three violations of the terms. Appellant pleaded true to all three allegations. The trial court found the allegations to be true, revoked Appellant's community supervision, and assessed her punishment at imprisonment for five years.

This appeal followed.

In her first issue, Appellant argues that the trial court improperly assessed attorney's fees when it placed her on community supervision.

## Standard of Review and Applicable Law

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson v. State* 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). When the imposition of court costs is challenged on appeal, we review the assessment of costs to determine if there is a basis for the costs, not to determine if sufficient evidence to prove each cost was offered at trial. *Id.*

A trial court has the authority to assess attorney's fees against a criminal defendant who received court-appointed counsel. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014). But once a criminal defendant has been determined to be indigent, he "is presumed to remain indigent for the remainder of the proceedings unless a material change in his financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014). Before attorney's fees may be imposed, the trial court must make a determination supported by some factual basis in the record that the defendant has the financial resources to enable him to offset in part or in whole the costs of the legal services provided. *See Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.). If the record does not show that the defendant's financial circumstances materially changed, there is no basis for the imposition of attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Mayer v. State*, 309 S.W.3d 552, 553, 557 (Tex. Crim. App. 2010); *Johnson*, 405 S.W.3d at 354.

## Analysis

Appellant argues that attorney's fees were improperly assessed against her when she was placed on community supervision because she was found to be indigent. She contends that because the record contains no evidence to support a finding that she is not indigent, the judgment and bill of costs should be modified to delete the attorney's fees. She further asserts that she has already paid the attorney's fees, and she contends the clerk's office should be ordered to return the money to her.

Appellant pleaded guilty and was placed on community supervision in November 2010. The judgment of conviction assesses an amount of $694.00 in court costs. No bill of costs itemizing these costs appears in the record. In July 2014, after a hearing on the State's

application to revoke, the trial court revoked Appellant's community supervision. The judgment revoking community supervision shows court costs of $0.00. A bill of costs dated July 30, 2014 appears in the record and lists court costs totaling $394.00. Attorney's fees are not listed among these costs. The record indicates that the trial court determined Appellant was indigent because it appointed counsel to represent her at the guilty plea hearing, at two revocation hearings, and in this appeal.

Nothing in the record shows that the court costs assessed in the judgment of conviction included attorney's fees. Therefore, the record does not support Appellant's argument that she was improperly assessed attorney's fees. Consequently, her challenge is more appropriately termed a challenge to the lack of a bill of costs itemizing the costs named in the judgment of conviction. As a general rule, issues related to the conviction of a defendant placed on community supervision may be raised only in an appeal taken when community supervision is originally imposed. *Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999). In other words, such issues may not be raised in an appeal filed after community supervision is revoked. *Id.*

The appropriate vehicle for challenging the lack of a bill of costs itemizing the costs named in the judgment of conviction was in a direct appeal from that judgment. *See Manuel*, 994 S.W.2d at 661. However, that did not occur. Therefore, we conclude that the issue was forfeited. Accordingly, we overrule Appellant's first issue.

<u>UNSIGNED APPLICATION TO REVOKE</u>

In her second and third issues, Appellant argues that the trial court erred by revoking her community supervision based on an unsigned application to revoke, violating her right to due process and due course of law under the United States and Texas Constitutions.

**Standard of Review and Applicable Law**

We review a trial court's order revoking a defendant's placement on community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The state's burden of proof in a revocation proceeding is by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993).

While a defendant at a revocation proceeding need not be afforded the full range of constitutional and statutory protections that are available in the trial of a criminal case, a person

on community supervision is entitled to certain due process protections. *Gagnon v. Scarpelli*, 411 U.S. 778, 781-82, 93 S. Ct. 1756, 1759-60, 36 L. Ed. 2d 656 (1973); *Bradley v. State*, 564 S.W.2d 727, 729-30 (Tex. Crim. App. 1978). Due process, in connection with community supervision revocation proceedings, entitles a defendant to (1) written notice of the claimed violations of the terms of the community supervision order; (2) the disclosure of the evidence against him; (3) the opportunity to be heard in person and to present witnesses and documentary evidence; (4) a neutral and detached hearing body; (5) the opportunity to cross examine adverse witnesses, unless the hearing body specifically finds good cause for not allowing confrontation; and (6) a written statement by the fact finder as to the evidence relied on and the reasons for revoking community supervision. *Staten v. State*, 328 S.W.3d 901, 905 (Tex. App.—Beaumont 2010, no pet.).

In the context of community supervision revocation proceedings, due process entitles a defendant to a written motion to revoke that fully informs him of the alleged violation of the term of community supervision. *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980). A trial court's authority to revoke community supervision is limited to the grounds alleged in the state's motion to revoke community supervision. *Moore v. State*, 11 S.W.3d 495, 499 (Tex. App.—Houston [14th Dist.] 2000, no pet.). A motion to revoke community supervision is not required to meet the particularities of an indictment, information, or complaint because the motion is held to a less rigorous standard. *Staten*, 328 S.W.3d at 906. The state's motion to revoke need only fully and clearly set forth the basis on which the state seeks revocation so that the defendant and his counsel have notice. *Id.*

**Analysis**

In this case, the State's application to revoke is signed by a community supervision officer, but not by a prosecutor. No mention of the lack of a prosecutor's signature was made at the hearing on the application.

In support of her argument, Appellant cites only authority that a complaint must be signed. *See* TEX. CODE CRIM. PROC. ANN. art. 15.05(4) (West 2005); *Brent v. State*, 916 S.W.2d 34, 37 (Tex. App.—Houston [1st] 1995, pet. ref'd). Appellant concedes that an application to revoke community supervision is not identical to a criminal complaint, but she argues that it is similar enough that we should apply the same analysis. We disagree. The motion to revoke Appellant's community supervision was not required to meet the particularities of an indictment,

information, or complaint.  *See Staten*, 328 S.W.3d at 906.  We conclude that Appellant's rights to due process and due course of law were not violated because of the lack of a prosecutor's signature on the application to revoke.

Accordingly, we overrule Appellant's second and third issues.


### DISPOSITION

Having overruled Appellant's first, second, and third issues, we ***affirm*** the trial court's judgment.


BRIAN HOYLE
Justice

Opinion delivered May 13, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 13, 2015**

**NO. 12-14-00225-CR**

**FATIMA RAHMAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-1451-10)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*