In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00431-CR
_____

WALLACE RAY JACKSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 1A District Court
Jasper County, Texas
Trial Cause No. 10418JD

MEMORANDUM OPINION

Pursuant to a plea bargain agreement, Wallace Ray Jackson pleaded guilty to aggravated sexual assault. The trial court deferred further proceedings and placed Jackson on community supervision for ten years and assessed a $5,000 fine. Subsequently, the State filed an Amended Motion for Adjudication of Guilt alleging Jackson violated several conditions of his community supervision.

Jackson pleaded "true" to violations as alleged by the State: that he violated condition (d) that required him to report weekly to his Supervision Officer by failing

1

to report on certain dates; that he violated conditions (i), (k), (l), and (m) that required him to pay supervision fees, court costs, restitution, and court-appointed attorney's fees by failing to pay; that he violated condition (p) that required him to abstain from alcohol and illegal controlled substances by testing positive for illegal controlled substances on some dates; that he violated condition (q) that required him to submit to substance abuse testing and pay testing fees by refusing to submit to a urinalysis on October 6, 2016 and failing to pay testing fees; that he violated condition (r)(2) that required him to attend and participate in Sexual Offender Group Therapy by failing to attend and participate since February 13, 2017; and that he violated condition (s) that required him to attend at least one Celebrate Recovery meeting per week by failing to attend as directed.

Jackson pleaded "not true" to the State's allegations that he violated condition (h) requiring him to notify the court if he moved from Jasper County and condition (n) requiring him to perform 240 hours of community service at the minimum rate of sixteen hours per month, as well as to condition (r)(7) requiring him to have his place of residence approved by the Supervision Officer and condition (r)(12) prohibiting him from possessing or using a computer with access to any on line computer service without his Community Supervision Officer's prior written approval.

2

After the State presented evidence on the allegations to which Jackson pleaded "not true," the trial court found that Jackson violated the conditions of his community supervision, adjudicated him guilty of aggravated sexual assault, and sentenced him to twenty-five years in prison. Jackson appealed.

On appeal, Jackson argues the trial court abused its discretion when it revoked Jackson's community supervision (1) by allowing evidence about Jackson's alleged Facebook activity and interjecting the trial court's own knowledge about Facebook in the hearing; (2) on the allegation that Jackson violated a condition of his community supervision by not paying fees levied when he had no ability to pay; (3) on the allegation he had moved without notifying community supervision when he never moved but temporarily went to Port Arthur after Hurricane Harvey "to help his wife escape from the rising flood waters[;]" (4) on the allegation that he had not completed his community service hours or classes assigned as part of his community supervision even though his probation period had not expired; (5) on the allegation that he failed to report as directed when he only stopped reporting because his probation officer advised him not to report; (6) and on the allegation that he failed drug tests when he was unable to treat his substance abuse issue because he did not qualify for substance abuse placement due to his felony conviction and because he was not ordered to other rehabilitation programs that he could have participated in.

3

We review a trial court's revocation of deferred adjudication community supervision for abuse of discretion. *Staten v. State*, 328 S.W.3d 901, 904-05 (Tex. App.—Beaumont 2010, no pet.). The State must prove a violation of the terms or conditions of community supervision by a preponderance of the evidence. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State satisfies this burden when the greater weight of credible evidence before the trial court creates a reasonable belief demonstrating it is more probable than not that the defendant has violated a condition of his community supervision. *Staten*, 328 S.W.3d at 905. We view the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). Proof of a single violation will support revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). In general, "[a] plea of true, standing alone, is sufficient to support the revocation of community supervision and adjudicate guilt." *Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015) (citing Moore, 605 S.W.2d at 926)).

In addition to his pleas of true to several violations, the trial court heard evidence about several other alleged violations to which Jackson pleaded "not true." For example, condition (h) required Jackson to notify the court of any change in address, and Jackson's probation officer testified that when Jackson was placed on probation his address was in Bon Wier. According to the probation officer, she had

4

been on several field visits to the address in Bon Wier, and Jackson's grandmother that lives there indicated that Jackson had not been there for a while. The probation officer also testified that she called the Newton Sheriff's Department, they went out to do a check, and notified the probation officer that Jackson was not living at the Bon Wier address. Jackson's wife testified that her apartment in Port Arthur flooded during Hurricane Harvey and that she was taken out by boat and flown to Dallas to a shelter. According to Jackson's wife, Jackson stayed in Dallas for about a little over a week. Jackson testified that he did not move but went to help his wife in Port Arthur during Hurricane Harvey and then flew to Dallas to the shelter.

As to condition (n) which required Jackson to perform 240 hours of community service at a rate of 16 hours pers month, Jackson's probation officer testified that he worked a total of three hours of community service. Jackson admitted he "did some hours[]" of his community service but "[n]ot as much as [he] was supposed to[,]" and Jackson explained that he did not have transportation at the time.

As to condition (r)(7) which required him to have his place of residence approved by the Supervision Officer, Jackson's probation officer testified that she did not know where Jackson was living after he left his home in Bon Wier. Jackson testified his residence in Bon Wier was approved and that he never moved.

5

As to condition (r)(12), which prohibited him from possessing or using a computer with access to any on line computer service without his Community Supervision Officer's prior written approval, Jackson's probation officer testified that someone alerted her to Jackson's Facebook page and her supervisor printed out pages from an account in Jackson's name. The copies of the images from Jackson's Facebook page were admitted into evidence. The probation officer testified that the images depicted Jackson and posts from April, although a year was not specified. Jackson denied being on Facebook since September of 2015. To the extent Jackson argues on appeal that the trial court interjected personal knowledge about Facebook, Jackson did not object at the hearing on this basis. *See* Tex. R. App. P. 33.1. And to the extent Jackson argues on appeal that forbidding Jackson's access to social media is a violation of his First Amendment right, the appellate record does not reveal that he lodged any complaint about the conditions of his community supervision in the trial court when the conditions were imposed, and therefore, he has waived this complaint. *See* Tex. R. App. P. 33.1; *Hull v. State*, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002); *see also Armstrong v. State*, 340 S.W.3d 759, 764 (Tex. Crim App. 2011) ("[B]ecause Appellant affirmatively accepted and waived any objections to the conditions [of community supervision], he cannot complain about them for the first time on appeal.").

As stated above, in general, a plea of true, standing alone, is sufficient to support revocation of community supervision. *Tapia*, 462 S.W.3d at 31 n.2. As the sole trier of fact, the trial court was entitled to judge the credibility of the witnesses and decide what weight to give the testimony. *Brooks v. State*, 153 S.W.3d 124, 127 (Tex. App.—Beaumont 2004, no pet.). In doing so, the trial court could have also reasonably concluded that Jackson moved without notifying the court of any change in address, he failed to complete his required community service hours, he failed to have his place of residence approved by his Supervision Officer, and that he had an active Facebook page. Viewing the evidence in the light most favorable to the trial court's ruling, we conclude that the State proved, by a preponderance of the evidence, that Jackson violated a condition of his community supervision. *See Rickels*, 202 S.W.3d at 763; *see also Cardona*, 665 S.W.2d at 493. Because the trial court did not abuse its discretion by revoking Jackson's unadjudicated community supervision, we overrule Jackson's issue on appeal.

We note that the trial court's judgment adjudicating guilt incorrectly states that Jackson pleaded "not true" to the State's Motion to Adjudicate. We modify the section of the trial court's judgment entitled "Plea to Motion to Adjudicate" to show Appellant pleaded true to violating conditions (d), (i), (k), (l), (m), (p), (q), (r)(2), and (s), and "not true" to violating conditions (h), (n), (r)(7), and (r)(12). *See* Tex.

R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993).

As modified, we affirm the trial court's judgment.

AFFIRMED AS MODIFIED.

_____
LEANNE JOHNSON
Justice

Submitted on January 24, 2019
Opinion Delivered February 20, 2019
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.