**Affirmed and Memorandum Opinion filed April 23, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00821-CR

---

### MARIA CORONA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 149th District Court
### Brazoria County, Texas
### Trial Court Cause No. 66522

---

## MEMORANDUM OPINION

Appellant Maria Corona appeals from the revocation of her community supervision. In a single issue, appellant contends that the trial court violated her right to be present under Texas Code of Criminal Procedure article 33.03 when the court continued with revocation proceedings in her absence and determined that she had voluntarily absented herself from the proceedings. Because article 33.03 does not apply to revocation of community supervision proceedings, we affirm.

## *Background*

In 2012, after a jury found her guilty of the state jail felony offense of unauthorized use of a motor vehicle, appellant and the State entered into a plea agreement under which appellant would be sentenced to two years' confinement, but the sentence would be suspended and appellant would be placed on community supervision for three years. The trial court then sentenced appellant in accordance with the plea agreement and set a number of terms and conditions to govern her community supervision.

On May 14, 2014, the State filed a motion to revoke appellant's community supervision, alleging that she had violated the terms and conditions of her community supervision in nine separate ways. Appellant pleaded "true" to allegations 1 through 6 as well as 9, and "not true" to allegations 7 and 8. A contested hearing on the State's motion to revoke began on May 13, 2016. Appellant was present at that time and represented by counsel. Appellant and a probation officer both testified. Much of their testimony concerned appellant's failure to attend meetings and classes required under the terms of her community supervision as well as her medical conditions, which appellant explained included a blood condition that required her to get blood transfusions every three months.

At the conclusion of the hearing, the trial judge reset the case for six months in order for a presentence investigation report to be prepared that would include appellant's medical records. The judge then told appellant that it appeared she was using her medical conditions as an excuse for failing to meet the terms and conditions of her community supervision. The judge ordered appellant to return on November 18, 2016 for a final determination regarding the revocation of her community supervision.

When the trial court reconvened on November 18, however, appellant's

attorney announced "not ready" because appellant was "allegedly in Matagorda County General Hospital." The trial judge explained that the court had received a fax from the hospital that morning stating that appellant had been admitted that day for a blood transfusion. The judge then announced that

> looking back over my history with [appellant], she periodically has not shown for court and claimed medical purposes, or was late. And my notes from our hearing indicate that she also claimed medical issues is why she didn't report or do certain things she was required to do. So with that, I am going to find that she voluntarily absen[t]ed herself today, as we are set for sentencing.

The State briefly presented one final witness, a probation officer, and the two sides presented final argument. The judge then found allegations 1 through 6 and 9 to be true and found allegations 7 and 8 to be untrue. The judge further stated that appellant's community supervision would be revoked and she would be sentenced to serve two years' confinement with credit for time served.

At the formal sentencing hearing on February 10, 2017, at which appellant and her attorney were present, the trial judge recounted that appellant had not appeared at the prior sentencing hearing and the judge had found that she voluntarily absented herself. The judge then sentenced appellant to two years confinement with credit for 53 days served.

### *Analysis*

As stated above, appellant contends that in continuing with proceedings in her absence and determining that she had voluntarily absented herself, the trial court violated her right to be present under article 33.03 of the Texas Code of Criminal Procedure.[1] That article provides in full:

---

[1] The State contends that Corona has not preserved her complaint for appellate review. *See* Tex. R. App. P. 33.1. At the revocation hearing, Corona's lawyer announced "not ready."

3

In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail; provided, however, that in all cases, when the defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury, the trial may proceed to its conclusion. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial. Provided, however, that the presence of the defendant shall not be required at the hearing on the motion for new trial in any misdemeanor case.

Tex. Code Crim. Proc. art. 33.03.

Article 33.03 draws from the right to confrontation of witnesses guaranteed in the Sixth Amendment to the United States Constitution and article I, section 10 of the Texas Constitution. *See Miller v. State*, 692 S.W.2d 88, 90-91 (Tex. Crim. App. 1985); *Smith v. State*, 494 S.W.3d 243, 251 (Tex. App.—Texarkana 2015, no pet.); *Vay v. State*, No. 14-06-00080-CR, 2007 WL 705620, at \*2 (Tex. App.—Houston [14th Dist.] Mar. 8, 2007, pet. ref'd) (mem. op., not designated for publication).

Like the constitutional provisions and by its own express language, article 33.03 only applies in criminal prosecutions. *See* U.S. Const. amend. VI ("In all criminal prosecutions . . . ."); Tex. Const. art. I, § 10 ("In all criminal prosecutions . . . ."); Tex. Code Crim. Proc. art. 33.03 ("In all prosecutions for felonies . . . ."); *see also Staten v. State*, 328 S.W.3d 901, 905 (Tex. App.—Beaumont 2010, no pet.) (article 33.03); *Truman v. State*, No. 14-08-00315-CR, 2009 WL 396282, at \*1 (Tex. App.—Houston [14th Dist.] Feb. 19, 2009, no pet.) (mem. op., not

The trial court noted that it had received notice Corona had been admitted to the hospital and then specifically ruled that she had voluntarily absented herself. Assuming without deciding that Corona preserved error, we overrule her issue.

designated for publication) (article 33.03); *Trevino v. State*, 218 S.W.3d 234, 239 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (Confrontation Clause).

A community supervision revocation hearing is not part of a criminal prosecution. *Pickins v. State*, No. 02-17-00050-CR, 2018 WL 3468359, at *4 (Tex. App.—Fort Worth July 19, 2018, no pet.) (mem. op., not designated for publication); *Mauro v. State*, 235 S.W.3d 374, 375–76 (Tex. App.—Eastland 2007, pet. ref'd); *see also Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (holding probation revocation is not a stage of a criminal prosecution); *United States v. Grandlund*, 71 F.3d 507, 509-10 & n.5 (5th Cir. 1995) (holding revocation of supervised release is not part of criminal prosecution); *Trevino*, 218 S.W.3d at 239 (holding probation revocation is not part of a criminal proceeding). Because article 33.03 only applies in criminal prosecutions and a community supervision revocation proceeding is not a criminal prosecution, appellant's complaint that the trial court violated her rights under article 33.03 during her revocation hearing are without merit. *See, e.g., Staten*, 328 S.W.3d at 905.

This is not to say that a defendant in a community supervision revocation proceeding does not have considerable rights. However, those rights stem from the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Due Course of Law Clause of the Texas Constitution and do not contain the full panoply of rights guaranteed in a criminal proceeding. U.S. Const. amend. XIV; Tex. Const. art. I, § 19; *Staten*, 328 S.W.3d at 905; *see also Morrissey v. Brewer*, 408 U.S. 471, 480, 485, 487–89 (1972) (identifying rights applicable in key stages of a revocation hearing). Appellant, however, does not argue that any of the rights generally applicable in a revocation proceeding were violated here. She argues only that her rights under article 33.03 were violated. We decline to make due process arguments on behalf of appellant. *See* Tex. R. App. P.

38.1(i); *Santellan v. State*, 939 S.W.2d 155, 173 (Tex. Crim. App. 1997).

We overrule appellant's sole issue and affirm the trial court's judgment.


/s/     Frances Bourliot
Justice


Panel consists of Justices Christopher, Bourliot, and Spain.

Do Not Publish — TEX. R. APP. P. 47.2(b).

6