**In The**
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-24-00094-CR**

**KEANDRE MARQUIS ROBINSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. F22-41238**

## MEMORANDUM OPINION

On October 30, 2023, Appellant, Keandre Marquis Robinson, pled guilty to the first-degree felony offense of aggravated robbery, and pursuant to a plea-bargain agreement, he was fined $500 and placed on deferred adjudication community supervision for five years. *See* Tex. Penal Code Ann. § 29.03. On January 2, 2024, the State moved to revoke Robinson's unadjudicated community supervision, alleging Robinson violated the Deferred Adjudication Order by: (1) committing the offense of Murder on or about December 30, 2023; (2) failing to provide verification

1

of performing required community service hours; (3) possessing a firearm on or about December 30, 2023; and (4) failing to pay court-assessed fees as directed, resulting in an arrearage of $212 as of January 2, 2024.

During the hearing on the State's motion to revoke, Robinson pled "not true" to the State's first and third allegations but pled "true" to the second and fourth. Finding that Robinson freely and voluntarily pled "true" to counts two and four, the trial court found sufficient evidence to find Robinson guilty and revoke his probation. At the sentencing hearing held two weeks later, the State introduced evidence regarding counts one and three, including the testimony of four witnesses, a surveillance video, a police interview of Robinson, and several photos. The trial court took judicial notice of its file, including an updated presentence report and two reports from Dr. Edward Gripon regarding Robinson's competency and sanity. At the conclusion of the hearing, the trial court found counts one and three true and noted Robinson had already pled "true" to counts two and four. The trial court then found Robinson guilty of aggravated robbery and sentenced him to life in prison.

Robinson appealed, asserting the trial court erred when it admitted two exhibits during the sentencing hearing. Specifically, Robinson argues the trial court erred by not granting his motion to suppress his police interrogation interview and by allowing the surveillance video into evidence without proper authentication. The State responds that it is not necessary for this Court to address Robinson's issues

2

because he pled "true" to counts two and four, either of which was sufficient to support the trial court's revocation of probation and adjudication of guilt. We agree with the State.

At a revocation hearing, the State bears the burden of establishing by a preponderance of the evidence that the defendant has violated a condition of his community supervision. *Staten v. State*, 328 S.W.3d 901, 905 (Tex. App.—Beaumont 2010, no pet.). "A plea of true, standing alone, is sufficient to support the revocation of community supervision and adjudicate guilt." *Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980)). "[P]roof of a single violation will support revocation." *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). "Courts may revoke community supervision for a violation of any condition, including violations of any single 'technical' condition." *Nurridin v. State*, 154 S.W.3d 920, 924 (Tex. App.—Dallas 2005, no pet.). "'Technical' violations are typically those that involve the probationer's failure to report to the probation officer as directed by the trial court, pay various community supervision fees, perform community service at the specified rate, or obey other conditions that have nothing to do with obeying 'the laws of this State or of any other State or of the United States.'" *Coffel v. State*, 242 S.W.3d 907, 909 (Tex. App.—Texarkana 2007, no pet.) (quoting Tex. Code Crim. Proc. Ann. art. 42.12).

"We review a trial court's order revoking a defendant's placement on community supervision for abuse of discretion." *Staten*, 328 S.W.3d at 904-05. Even if the trial court erred in admitting the evidence in question, and even if in the absence of such evidence the trial court could not have found that Robinson violated the conditions of his community supervision as alleged in counts one and three, the trial court was nevertheless within its discretion to revoke Robinson's community supervision and adjudicate him guilty of aggravated robbery, because Robinson pled "true" to counts two and four, either of which is sufficient to support the trial court's rulings. *See Garcia*, 387 S.W.3d at 26; *Tapia*, 462 S.W.3d at 31 n.2. We, therefore, conclude that we need not address Robinson's issues, because any error with respect to the trial court's admission of evidence relevant to counts one and three is harmless in light of Robinson's pleas of "true" regarding counts two and four. *See* Tex. R. App. P. 44.2(b), 47.1.

We affirm the trial court's judgment.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on June 26, 2025
Opinion Delivered December 3, 2025
Do Not Publish

Before Johnson, Wright and Chambers, JJ.

4